ROBERTS v. CAMPBELL.

1. **Specific Performance:** EVIDENCE CONSIDERED. Plaintiff sues for the specific performance of an agreement to convey land, but the testimony failing to show what the agreement really was, *held* that the court erred in decreeing a conveyance as prayed.

2. **Mechanic's Lien:** AVERRMENTS NECESSARY IN PETITION TO ESTABLISH. Where neither the petition, nor the amendment thereto, contained any averment that the plaintiff performed any carpenter work, or other work, for the defendant, or furnished him any materials, or that there is anything due the plaintiff for such work or materials, there was no foundation for a recovery as for such work and materials, nor for a decree making the amount of such recovery, a specific lien on the property in question.

*Appeal from Polk Circuit Court.*

SATURDAY, OCTOBER 21.

THIS action was brought to obtain a decree for conveyance by the defendant to the plaintiff of lots 22 and 23 in Pleasant Hill addition to the city of Des Moines, and also a decree for the reasonable rent thereof. The defendant denied the allegations of the petition, and filed a counter-claim in which he averred that there was due him, from the plaintiff, a balance of an account. Afterward the plaintiff filed what he called an amendment to his petition, which, however, contains no averments, but merely an alternative prayer for the establishment of a mechanic's lien upon one of the lots in question, to-wit, lot 22.

The court entered a decree that the defendant convey to the plaintiff lot 23, and also, that the plaintiff recover of the defendant the sum of $175, and have special execution for that amount against lot 22, and general execution for the balance, if any, after the lot shall be sold. The defendant appeals.

*Whiting S. Clark*, for appellant.

*James Embree*, for appellee.

ADAMS, J.—I. The plaintiff avers in substance in his petition that he bought the lots of one Atkins, and took a bond for a deed; that afterwards, and before any deed was executed by Atkins, plaintiff entered into an agreement with the defendant, who was his son-in-law, to board himself and daughter, as long as they should desire to live with him; that to pay for such board, he agreed with defendant that Atkins should deed to the defendant lot 22; that plaintiff had erected and nearly completed a dwelling house on the lot; that the defendant, under the agreement above set out, moved into it and commenced occupying it as a home; that it had become necessary to borrow some money upon the lots to pay Atkins

and to discharge some other liens thereon, and complete the house; that it was arranged between him and the defendant, that Atkins should deed to the defendant, not only lot 22, which he had sold to the defendant, but also lot 23, with the understanding, however, as to lot 23, that that was conveyed to the defendant, only for the purpose of enabling him to raise money thereon, in connection with lot 22, by executing a mortgage upon both to secure a loan; that in pursuance of this arrangement, Atkins, by plaintiff's directions, conveyed both lots to the defendant, the latter agreeing orally that, when he had executed a mortgage on both lots, he would convey lot 23 to the plaintiff at his request. He does not aver that the defendant has executed a mortgage upon the lots, or either of them, but he avers that he had often requested the defendant to convey to him lot 23, and the defendant has refused so to do.

The defendant avers in his answer that he borrowed $450, on five years time, and secured the same by executing a mortgage on both lots, and used the money in discharging liens upon the lots and in finishing the house.

The court in decreeing that the defendant should convey lot 23 to the plaintiff, recognized the mortgage and decreed that the lot should, as between plaintiff and defendant be subject to the mortgage to the amount of $151.

Whether the alleged agreement between the plaintiff and defendant for the conveyance of the lot to the plaintiff is not within the statute of frauds we need not determine. No such question is raised. Both the parties testified, and they substantially agree, that the plaintiff was to pay one third of the mortgage debt. It is not claimed by the defendant, as we understand, that the plaintiff is not entitled to have a deed of the lot upon paying the amount which he agreed to pay. Whether he is entitled to a deed before such payment, depends, of course, upon the agreement. All the evidence which we find upon the point is the testimony of the plaintiff, which is in these words: "I was to pay one-third of the $450, that

is $150, when I had the vacant lot." This would seem to mean, taken by itself, that he was to pay $150, whenever the title should be conveyed to him. But this money was not due to the defendant, but to the mortgagee, and it was not due to the mortgagee until the end of five years. Whatever the testimony means, we cannot say that it means that the defendant was bound to convey before the payment. The burden was upon the plaintiff, in order to enable him to maintain an action for a conveyance, to show what the agreement was. In decreeing a conveyance, therefore, before payment, it appears to us, that the court erred.

II. The defendant contends that the court erred in finding that there was anything due the plaintiff for carpenter work and building material, and in decreeing him a mechanic's lien therefor.

Neither the petition, nor amendment thereto, contains any averment that the plaintiff performed any carpenter work or other work for the defendant, or furnished him any materials, nor do they contain any averment that there is anything due the plaintiff for such work or materials. There is, then, no foundation laid in the petition for such recovery, and we think that the court erred in granting it.

III. We come now to inquire whether the defendant is entitled to recover anything upon his counter-claim. The court below found that there would be due him, but for the payments made by the plaintiff, the sum of $242.29, being considerably less than the amount claimed by him. We see no reason to question the correctness of this finding. As the amount thus found does not exceed the amount of payments admitted by the defendant, there does not appear to be anything due him.

REVERSED.