STUBBS v. THE CLARINDA, COLLEGE SPRINGS & SOUTHWESTERN
RAILWAY COMPANY.

1. **Mechanic's Lien:** PETITION FOR FORECLOSURE OF: PLEADING. A
petition for the foreclosure of a mechanic's lien is fatally defective, which
fails to state that something was due for the services on which the lien
was founded at the time the action was begun. A statement for a lien,
which is attached to the petition as an exhibit, but which was made out
and filed some months before the begining of the action, and in which
it is alleged that something was due when the statement was made, can-
not supply the place of an averment that something was due when the
action was begun.

*Appeal from Page District Court*

SATURDAY, DECEMBER 8.

THE plaintiff files a petition in substance alleging that, on
the first day of September, 1881, he made a verbal contract
with the firm of Jesse Stubbs & Co., who were sub-contract-
ors under John Fitzgerald, who was the principal contractor
with the defendant in building its line of railway, to render
personal services to them in the prosecution of the work of
building said company's line, as their book-keeper, cashier
and general superintendent of the working force employed by
said Jesse Stubbs & Co. on said railroad, and that, in pur-
suance of said contract, he rendered such personal services for
the period of seven months, ending March 21, 1882, for which
he was to recieve $100 per month and his personal expenses.
That plaintiff filed in the clerk's office of the district court of
Page county a just and true account of his claim, duly veri-
fied, on the first day of April, 1882, claiming a mechanic's
lien on said railway. That within thirty days after said work
was done and said claim was filed, defendant was duly noti-
fied thereof in writing, and was commanded to make no pay-
ments to any contractor prejudicial to the rights of plaintiff.
Plaintiff demands judgment for $547.33, and that his lien be
established and enforced against defendant's line of railway.

The defendant filed a general demurrer to the petition, which the court sustained. The plaintiff appeals.

*McPherrin Bros.*, for appellant.

*W. W. Morsman* and *Hepburn & Thummel*, for appellee.

DAY, CH. J.—There is one defect in the petition which is fatal to it, and which obviates the necessity of considering the other objections urged. The petition does not state that anything is due the plaintiff from his immediate employers, Jesse Stubbs & Co. It is true, the statement for a lien, which is attached to the petition as an exhibit, alleges that there is due the plaintiff $547.37. But this statement for a lien was filed on the first day of April. This action was not commenced until the first day of September following. This statement in the claim for a lien cannot have the effect of an averment that there was something due when the action was commenced. Without an averment that there was something due from Jesse Stubbs & Co. to the plaintiff, it is clear that the petition does not state facts entitling the plaintiff to any relief. See *Roberts v. Campbell*, 59 Iowa, 675. The demurrer to the petition was properly sustained.

AFFIRMED.