# WINDHAM COUNTY.

## FEBRUARY TERM, 1840.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
" STEPHEN ROYCE,
" JACOB COLLAMER, } *Assistant Justices.*
" MILO L. BENNETT,

AARON ALDRICH *v.* WILLIAM H. WILLIAMS AND SAMUEL CLARK.

In a *scire facias*, brought by a creditor of a distracted person, under guardianship, upon a judgment rendered on the probate bond of the guardian, wherein such creditor alleged that the distracted person, previous to the guardianship, assumed and promised, &c.—Held, that *non assumpsit infra s x annos* was a good plea.

It is not a good replication to such plea that the guardian has paid a part of the debt.

The appointment of a guardian of a distracted person does not prevent the creditors of such person from commencing suits to recover their debts.

SCIRE FACIAS, on a judgment rendered upon a bond, given by the defendants to the probate court for the district of Marlboro', in the penal sum of $1000, dated January 11, 1825, conditioned that the defendant, Williams, who was

guardian of Daniel T. Aldrich, a distracted person, should faithfully discharge his trust and duties as such guardian, according to law, and should make, and return into the registry of said probate court, a true and perfect inventory of all the estate of his said ward, within six months from the date of said bond, and render a true account of his said guardianship to the said probate court, &c. The bond was originally prosecuted at the instance of one Taft, and a judgment was rendered in favor of the probate court, for the penalty of the bond, at the September term of the county court, 1834.

The plaintiff in this suit alleged, that, before the appointment of the defendant, Williams, as guardian of said Daniel, to wit, on the fifth day of September, 1824, the said Daniel was indebted to the plaintiff in the sum of two hundred dollars for so much money before that time had and received, and in the further sum of fifty dollars for money paid, laid out and expended, and in the further sum of fifty dollars for goods and cattle sold and delivered, &c., and, being so indebted, promised the plaintiff to pay him said sums of money when requested, and that said sums of money had never been paid.

The plaintiff further alleged, that, after the execution of said bond, goods and chattels, (specifying the property) of the said Daniel, and also the rents and profits of the lands of the said Daniel, came into the hands of the said guardian, amounting, in all, to the sum of fifteen hundred dollars. And the plaintiff assigned, as a breach of the condition of said bond, that the said guardian had wasted and wholly squandered the said goods, chattels and estate of the said Daniel. The plaintiff also alleged, that, at the time of the execution of said bond, the said Daniel owned and possessed other property (specifying it) of the value of eight hundred dollars, and assigned, as a further breach of the condition of said bond, that the said guardian suffered and permitted the last mentioned property to be squandered and lost, whereby the plaintiff had not received his debt and was injured.

The defendants pleaded, several pleas in bar. The first plea was, in substance, that the said Daniel was not indebted and did not assume and promise to the plaintiff in manner and

form as the plaintiff had alleged. Issue upon this plea was joined to the country.

Second plea; That the said Daniel did not, at any time within six years before the commencement of the suit by the probate court, upon the defendants bond aforesaid, assume and promise in manner and form as the plaintiff had alleged, &c.

Replication to the second plea, that, within six years last past, to wit, on the first day of December, 1835, the said Williams did pay unto the plaintiff the sum of sixty two dollars and forty two cents on account of the promises by the said Daniel to the plaintiff, in said writ mentioned and parcel of the damages accruing to the plaintiff by reason of the breach of said promises.

To this replication, the defendants demurred, generally, and the plaintiff joined in demurrer.

The county court decided that said replication was sufficient and the defendants excepted.

Upon the trial of the issue of fact, the plaintiff introduced testimony tending to show that previous to, and at the time of, the appointment of the defendant, Williams, as guardian of the said Daniel, the said Daniel was indebted to the plaintiff for sheep and neat cattle, sold to the said Daniel, and, as evidence of such indebtedness and the amount thereof, the plaintiff offered in evidence the record of said probate court, showing a settlement of the account of the defendant, Williams, in said probate court, as guardian, and a balance of his ward's estate, then in his hands, of $151,31, and that said probate court made a decree that the said guardian pay to certain creditors of said ward (naming them) thirty seven cents on the dollar and that the plaintiff's claim being $168,76, was included in said dividend. To the admission of said record the defendant objected, but the court overruled the objection and admitted it. It was admitted that the plaintiff's dividend, above stated, had been paid by the defendant, Williams.

In order to show additional breaches of the probate bond, the plaintiff introduced evidence tending to prove, that, whilst the defendant, Williams, was acting as guardian of the said Daniel, he had the disposition and proceeds of some articles of personal property, belonging to his said ward, which

were neither inventoried nor accounted for. The evidence in the case tended further to show that, during the continuance of said guardianship, and previous to the exhibition of said guardian's account, he paid a debt of his said ward to one Merrifield, of about $20 ; and that, at the commencement of said guardianship, the said Daniel was indebted to the defendant, Williams, in about the sum of $100, neither of which debts were included in the above mentioned dividend. And the defendants requested the court to direct the jury, that, if they should find said two last mentioned debts, or either of them, established by the evidence, they should add such debt or debts to the list of demands appearing upon said probate records, for the purpose of reducing the damages or dividend now to be recovered by the plaintiff. But the court refused so to charge, and instructed the jury that they ought not to regard said debts, or either of them, in apportioning the amount to be recovered by the plaintiff, if they should find him entitled to recover at all.

The jury returned a verdict for the plaintiff and the defendants excepted.

*Keyes & Kellogg*, for defendants.

*Wm. C. Bradley*, for plaintiff.

The plea of the statute of limitations was bad, being pleaded, not to the *scire facias* i. e. the breaches alleged, but to a new matter of inducement, viz; the plaintiff's character as creditor. If this plea were to be allowed, there might be as many pleas of the statute as there were matters of inducement. The true principle is, that whatever particular inducement the plaintiff is bound to prove, before he can proceed to show breaches, is not to be met by a special plea. 1 Chitty's Pl. 497. *Gibbons* v. *Pepper*, 4 Mod. 405.

In the present case, as a guardian cannot waive the statute, which is said to be the reason for permitting it to be specially pleaded, (*Lee* v. *Rogers*, Lev. 110,) the plaintiff must show a debt within the proper period, or he cannot recover, not being one of those entitled to take advantage of the bond.

But if the statute could be specially pleaded, still, it cannot, in this shape, for it is immaterial whether six years have elapsed between the indebtedness and the suit on the bond, provided it subsisted at the time of the guardianship,

the statute (p. 357,) making all just debts, at that time, a charge on the personal and real estate in the guardian's hands.

The present plea, however, is met by the replication of payment. Payment, when made by one having authority to pay, and unto one authorized to receive, or at the time believed to be so, has been held conclusive. *Whitcomb* v. *Whiting*, Doug. 652. *Jackson* v. *Fairbank*, 2 H. Bl. 340. *Burleigh* v. *Stott*, 8 B. & C. 36; 15 E. C. L. Rep. 151. *Clark* v. *Hooper*, 10 Bing. 480; 25 E. C. L. Rep. 207. And as the same facts replied cover the plea, it is no objection, on a general demurrer, that it does so argumentatively. 1 Ch. Pl. 519.

II. As to the exceptions taken on the issue of fact, the plaintiff contends that the list of claims, as exhibited, and upon which a dividend had been ordered by the probate court and paid by the guardian to the plaintiff, was not only evidence against the guardian, but that strong evidence would be required, on his part, to rebut it. Brayton's R. 103.

Before the guardian can avail himself of any payment by him made, he must obtain the sanction of the probate court thereto.

The opinion of the court was delivered by

WILLIAMS, CH. J.—This case comes before us on exceptions, taken to a judgment rendered on demurrer for the plaintiff, and on exceptions taken to the decision of the court on the trial of certain issues by the jury. The action is a *scire facias* on a probate bond, in which a judgment for the penalty has heretofore been rendered at the suit of one Taft. To maintain this *scire facias* it was necessary for the plaintiff to set forth, that he had such an interest in the bond, or that he stood in that relation to Daniel T. Aldrich of whom the defendant, Williams, was guardian, and for whose faithful performance of his duty, as guardian, the defendants executed the bond in suit, that he would be affected by a breach of the condition. This results from the nature of the proceedings on probate bonds. The breach, in the first instance, may be ascertained at the suit of any individual injured, and judgment rendered for the penalty, and whenever any other person brings a writ of *scire facias* thereon, as he may do,

it is a new suit and every material allegation therein may be denied. The plaintiff, or prosecutor, sets forth in the writ that Daniel T. Aldrich, the distracted person of whom Williams is guardian, was indebted to him in the several sums stated in the declaration, for money had and received, paid laid out and expended, &c. It was competent for the defendants to deny this fact, and if they could prevail in defeating the claim of indebtedness, the plaintiff's writ must fail. By no general plea to the writ could this fact have been put in issue. To this indebtedness the defendant pleads the general issue and the statute of limitations, and as either of these pleas, if properly pleaded, would have shown that the prosecutor could not maintain this action, they were suitable, pertinent pleas thereto. As the statute begins to run from the time of the promise, in any suit directly between the promissor and promissee, the plea should be *non assumpsit infra sex annos.* This would be the appropriate plea, unless there was something in the nature of the action which would require it to be in a different shape.

There is nothing in the statute, which prevents the creditors of such person from pursuing their respective claims against the person put under guardianship, or which protects the person thus under guardianship from any suits which may be brought against him. An obligation is laid on the guardian to pay the debt, and it may be necessary for him to obtain an order from the court of probate for that purpose. But there is no provision for subjecting the claims of the creditors to a dividend or to compel them to prove their debts. They are left at liberty to pursue their debtor by the usual common law actions, and if the person or property of the ward is exposed in consequence of the guardian failing to make a proper defence, or to apply the proceeds of the estate, whether real or personal, in payment of the debts, it would be unfaithful guardianship and he would be liable therefor. As we do not discover in the statute any thing which barred or suspended the right of action, which the plaintiff may have had for the recovery of his claim, we are led to the conclusion that the plea of the statute of limitations was good both in substance and form.

The enquiry then is, whether the replication to this plea is sufficient to avoid the effect of it. The replication is pay-

ment in part.   That payment   may be  evidence  of an ac-
knowldgment,  or  of  a  new   promise,  so  as  to  avoid  the
operation of the statue, is undoubted—whether it would in
every case, may be  more   doubtful.   Bringing  money  into
court is not sufficient to take a case  out  of  the  statute as
to the residue.   *Long* v. *Greville*, 4 Barn. & Cres. 10 ; and
the payment of the principal into court does not revive the
claim for interest when it is barred by the statute.   Pay-
ment, or acknowledgment of a debt,  is  sufficient  evidence,
generally, to warrant a  jury  in  finding  against  the  statute.
But such acts are but evidence and I apprehend could not be
pleaded, and if specially found by the jury, would not warrant
the judgment of the court thereon.   No  plea  of  this kind is
found in any of the books of forms, or  adverted to  in  any
case,but the questions, in relation to the effect of payment and
acknowledgment,have been considered on the trial of the usu-
al replication, to wit, a traverse of the plea.   As the plea does
not allege,either directly or argumentatively, any new promis-
se, and instead of traversing the plea and alleging that the
promises were made within six years,  only sets  forth  that
which, at best, is but evidence of an acknowldgment, we
think it bad on general demurrer.   The effect of this must be
to reverse the judgment of the  county  court, and judgment
must be rendered that the replication to  the first plea  in bar
is insufficient.