Jesse Holdom, Conservator of Paul Holz, Insane, v. James.

1. LUNATICS—*Action against a Conservator.*—An action will not lie against a conservator of an insane person for a debt of the latter contracted before the appointment of the conservator.

**Memorandum.**—Action of assumpsit. Error to the Superior Court of Cook County; the Hon. GEORGE H. KETTELLE, Judge, presiding. Heard in this court at the March term, 1893. Reversed. Opinion filed March 18, 1893.

STATEMENT OF THE CASE.

The plaintiff in error was appointed conservator of the estate of Paul Holz by letters issued out of the Probate Court of Cook County, on April 11, 1892. Prior to the issue of such letters, Holz had been found guilty of murder and the jury which convicted him found that at the time of committing the crime he was insane. The defendant in error (an attorney at law) defended Holz upon such trial, and this action was brought to recover for his services. The form of action is assumpsit, alleging an indebtedness by the insane man· as the basis of the formal promise of the conservator to pay. Plea, general issue.

The case was tried before the court, which found the issues for the plaintiff, assessed the damages at $1,000, and entered judgment " that the plaintiff do have and recover from the defendant his said damages of $1,000 in form as aforesaid, by the court here assessed, together with his costs and charges in this behalf expended." The writ of error in this case was sued out to reverse this judgment.

APPELLANT'S BRIEF, JESSE HOLDOM AND ALDRICH, PAYNE & DEFREES, ATTORNEYS.

We think it may be safely assumed to be the law that in the absence of statutory regulation the lunatic may sue and be sued; that the conservator is purely the creature of statutory law; and that, except in so far as the statute pro-

Holdom v. James.

vides otherwise, the conservator can neither sue nor be sued in his own name.

No action will lie against the conservator of an insane person for a debt the latter contracted before the appointment of the conservator. Maloney v. Dewey, 127 Ill. 395; C. & P. R. R. Co. v. Munger, 78 Ill. 300; Speck v. Pullman P. C. Co., 121 Ill. 33; 1 Freeman on Jdgts. Sec. 152; 1 Chitty's Pleading, 20; Allison v. Taylor, 6 Dana, 87; 32 Am. Dec., 70 note; Black on Jdgts., Sec. 205; Morgan v. Hoyt, 69 Ill. 489; Fruitt v. Anderson, 12 Brad. 421.

If such action will lie, the judgment should be entered so as to be payable out of the estate of the ward in due course of administration, and not entered against the conservator personally.

In a suit against a lunatic the judgment is properly entered against him, and not against his guardian. A lunatic has capacity to appear in court by attorney. The legal right to his estate remains in him, and does not pass to his guardian. A judgment to be effective can not, therefore, be against any other person than the lunatic. 1 Freeman on Jdgts. Sec. 152; Allison v. Taylor, 6 Dana, 87; 32 Am. Dec. 67 and note 70.

It may be that the conservator should be brought in, but this would seem to be for the purpose of having him defend on behalf of the lunatic only, and could not justify a judgment against the conservator. Allison v. Taylor, 6 Dana, 87; Black on Judgments, Sec. 205.

R. A. W. James, attorney *pro se;* William Hughes, of counsel.

Opinion of the Court, Gary, P. J.

The plaintiff in error is the conservator of one Paul Holz, a lunatic, and was sued and judgment obtained against him by the defendant in error upon a demand against Paul Holz.

Before the revision of 1874 the statute of this State, so far back as we can trace (1823) provided, as cited in Morgan

v. Hoyt, 69 Ill. 489, that conservators might be sued as representatives, and the property of the ward sold on executions against them. But all such provisions were left out in that revision, and now if a conservator can be sued on demands against the ward, it must be by virtue of some principle of the common law, or some English statute earlier than the fourth year of James the First.

No such principle or statute is cited, nor known to us; the cases are numerous in England where lunatics were defendants, and no question made that the suits were properly brought. Steel v. Alan, 2 Bos. & Pul. 362; Shelford, Lunacy, 407, 2 Law Library, 258.

The fact that in this suit the plaintiff in error is described as "conservator" and declared against as "conservator" adds nothing to the law.

As the plaintiff in error was not liable to an action upon a demand against Holz, any inquiry as to the validity of that demand would be irrelevant.

The judgment is unwarranted and is reversed, but as the suit can not be prosecuted, it is useless to remand the case. Ditch v. Edwards, 1 Scam. 127.