# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## SECOND DISTRICT—APRIL TERM, 1902.

## Casper Ludwig v. John V. Huverstuhl.

1. MECHANIC'S LIENS—*What a Verbal Contract Must Provide.*—No lien shall be had under the mechanic's lien act of 1895 in case of a verbal contract, unless the work is to be done or materials furnished within one year from the date of the contract, and final payment therefor is to be made within such time.

2. SAME—*Law to be Strictly Construed.*—The act of 1895 is to be strictly construed.

3. PLEADING—*Allegations and Proof Must Agree.*—The allegations of the bill and the proof must agree.

**Bill for a Mechanic's Lien.**—Appeal from the Circuit Court of Peoria County; the Hon. THEODORE N. GREEN, Judge presiding. Heard in this court at the April term, 1902. Affirmed. Opinion filed July 18, 1902. Rehearing denied April 10, 1903.

ELLWOOD, MEEK & LOVETT, attorneys for appellant.

ARTHUR KEITHLEY, attorney for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was a bill in equity for a mechanic's lien for $143.04, filed by Ludwig, and defended by subsequent purchasers of the realty, who, by their answers, denied complainant was entitled to a lien as against them. The master took the proofs and reported in favor of the lien. The court sustained exceptions to the report, and dismissed the bill. Complainant appeals.

The lien claimed was for work done and materials furnished under a verbal contract. Section 6 of the mechanic's lien act of 1895 provides that no lien shall be had under that act, in case of a verbal contract, "unless the work shall be done, or materials furnished, within one year from the date of the contract, and final payment therefor is to be made within such time." The act of 1895 is to be strictly construed. (Freeman v. Rinaker, 185 Ill. 172.) It follows that to entitle complainant to a lien his verbal contract must have provided that payment should be made within one year from the date when the verbal contract was made. The contract was with Charles A. Rudel, then the owner of the property. The bill of complaint set up that complainant entered into a verbal contract with Rudel to do the work and furnish the material, "and said Rudel agreed to pay said Ludwig within three or four months after said work was finished, and said Ludwig agreed to wait three or four months after the work was finished for his pay—all of said work to be completed within one year, and to be paid for within that time, to wit, as above averred, in three or four months after said job was finished." The bill then averred the contract was entered into about October 15th, and was completed about November 6, 1899, and that complainant filed a claim for said lien with the circuit clerk on March 12, 1900, a copy of which claim was attached to the bill. The averment of the bill, therefore, is that the work was to be completed within one year, and to be paid for within three or four months after the work was completed. The contract pleaded did not require the payment to be within one year from the making of the contract. No lien is given by the statute for work done and materials furnished under such a verbal contract. It does not help the pleading that the work was in fact completed within less than a month, so that by the acts of the complainant after the contract was made the payment matured within five months after the making of the contract. The statute requires that the verbal contract shall provide for final payment within one

year, or no lien can be had. The proofs made a better case for complainant on this point than the allegations of the bill, but evidence which has not its proper foundation in the pleadings can not avail. The allegations and the proof must agree. (Walker v. Ray, 111 Ill. 315; Chicago Public Stock Exchange v. McClaughry, 148 Ill. 372, 382.) Under the bill the court could not grant a lien.

The claim for lien filed with the clerk also fails to show that by the terms of the contract payment was to be made within one year. It said the verbal contract was, the work was to be completed as soon as possible, and final payment to be made within four months after the work was com. pleted. It then re-stated the contract, and stated payment was to be made within three or four months after the work was finished, but made no statement as to when the work was to be done, not even that it was to be done as soon as possible.

Rudel sold and conveyed to Martin Kingman, before the claim of lien was filed, and afterward Kingman sold and conveyed to Mrs. Johanna Huverstuhl. These and other parties were defendants. It is claimed the proof shows Kingman promised to pay complainant this bill, and also that Kingman is the real owner, and that some equitable considerations arise in favor of complainant because of those facts. It is sufficient to say of this that no such case was stated in the bill. Defendants present other reasons why the court properly dismissed the bill of complaint, but we have deemed it unnecessary to consider them, as what we have already said is decisive of the case. The decree is affirmed.