## Eben Nimmons, Conservator, v. A. May Stryker.

### Gen. Nos. 4.720, 4,756.

1. RELIEF—*what pleading essential to obtain.* Relief will not be granted in chancery upon facts not alleged.

2. INSANE PERSON—*when necessary party.* Where the title to real estate is affected by a decree in equity, an insane person holding the title to such land, for whom a conservator has been appointed, is a necessary party.

Bill in equity. Error to the Circuit Court of Kendall county; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in this court at the October term, 1906. Reversed and remanded. Opinion filed March 13, 1907.

ASA F. MATHER and COLL McNAUGHTON, for plaintiff in error; BENJAMIN OLIN, of counsel.

JOHN M. RAYMOND and JOHN K. NEWHALL, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

The suit as first begun was a bill in equity by Cornelius Stryker and A. May Stryker against Norman S. Hamlin and Eben Nimmons, conservator of said Hamlin. By leave of court an amended bill was filed by A. May Stryker, defendant in error, against Eben Nimmons, conservator of Norman S. Hamlin, an insane person, praying that Eben Nimmons, as conservator of Norman S. Hamlin, be decreed specifically to perform a certain agreement dated March 2, 1896, for the sale of certain real estate between Norman S. Hamlin and A. May Stryker in which Norman S. Hamlin agreed to convey to A. May Stryker the land therein described, upon certain payments being made by A. May Stryker, and also for an accounting to find what is "justly owing said Eben Nimmons." There was a cross-bill by Jacob Reisch, to whom A. May Stryker had assigned her interest as to a part of the real estate.

An answer was filed by Eben Nimmons, conservator. Cornelius Stryker was one of the complainants in the original bill, and Hamlin was a defendant thereto. The amended bill omitted the names of Cornelius Stryker as a complainant and Hamlin as a defendant. Defendant in error insists that the omission of the name of Cornelius Stryker was a dismissal of the bill as to him, and that he thereby became a competent witness against Nimmons, conservator of Hamlin. If the omission of the name of Cornelius Stryker was a dismissal as to him, then the omission of Hamlin's name as a defendant was a dismissal as to him also.

The cause was heard on the amended bill, answer of Nimmons, conservator, replication and evidence in open court, but without any answer for Hamlin either by a conservator or guardian *ad litem* and a decree granted directing an accounting, and referring the cause to a special master to take the proofs and state the account. After a hearing by the master, he reported the sum of $2,027.51 due from Nimmons as conservator to A. May Stryker. A final decree was made, ordering Eben Nimmons as conservator to make a deed of the real estate, and to pay to A. May Stryker $2,027.51, and that he pay the costs.

The decree referring the cause to the master found that certain transactions evidenced by contracts referring to promissory notes between Hamlin and wife, and Dennis Stryker and Cornelius Stryker, were not contracts for the sale of real estate but were, in fact, mortgages. The bill as amended did not contain any allegations of that nature, but was a bill for specific performance, and to correct a mistake in computation as to what was due on some contracts and notes executed by Cornelius and Dennis Stryker to Hamlin, of which the contract to complainant described in the bill seems to have been a renewal, while the decree was one granting a redemption from an equitable mortgage without any allegations upon which to base such findings. The bill should state in detail substantially

the facts upon which relief is sought; relief cannot be granted upon facts not alleged, as the court pronounces its decree according to the allegations and proofs. Story Eq. Pl. 432; Walker v. Ray, 111 Ill. 315; Ludwig v. Huverstuhl, 108 Ill. App. 461.

By the twenty-eighth assignment of error the validity of the decree is challenged on the ground that Norman S. Hamlin, the insane ward of defendant in error, is not a party to the suit. Prior to 1874 a conservator might be sued as respondent of the insane person, but the statute of Illinois now in force only gives a conservator the management of his ward's real estate, without any title thereto. An action affecting real estate, the title to which is in an insane person, must be against the ward, and the judgment can only be against the ward and not against the conservator. Scott v. Bassett, 194 Ill. 602; Holdom, Conservator, v. James, 50 Ill. App. 376. The case must be reversed because Hamlin was a necessary party, and also because a personal decree could not be rendered against Nimmons, conservator. In the absence of necessary parties (and we do not now determine whether Cornelius Stryker and the legal representative of Dennis Stryker, deceased, are necessary parties), it would not be proper for us to express any opinion upon the other questions argued by counsel, as their presence in the record might change the evidence proper to be considered.

*Reversed and remanded.*