## Auguste Geipelt, Appellant, v. Louise M. Geipelt, Administratrix of the Estate of Theodore G. Geipelt, Appellee.

### Gen. No. 24,614.

1. EXEMPTIONS, § 6*—*property of insane person as not exempt from attachment.* Neither section 1 of the Attachment Act (J. & A. ¶ 492), providing "that in any court of record having competent jurisdiction, a creditor may have an attachment against *his debtor*," etc., nor any other statutory provision of this State exempts the property of an insane person from attachment.

2. ATTACHMENT, § 50*—*property of insane person as subject to.* The property of an insane person is subject to attachment, and the insane person and not his conservator is the one to be sued.

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Reversed and remanded. Opinion filed October 10, 1919.

RICHARD J. COONEY and JOHN A. VERHOEVEN, for appellant.

WALTER F. HEINEMAN, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

On July 11, 1917, plaintiff commenced an attachment suit against Theodore G. Geipelt in the County Court of Cook county. In her affidavit for attachment she alleged that said Theodore G. Geipelt was indebted to her in the sum of $816 upon his promissory note for $800, dated October 13, 1915, payable to her order upon demand, with interest at 3 per cent per annum; that he had within 2 years last past fraudulently conveyed or assigned his effects or a part thereof so as to hinder or delay his creditors; and that he had with-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

in the same period fraudulently concealed or disposed of his property so as to hinder or delay his creditors. On July 20, 1917, plaintiff filed a declaration, together with a copy of the note sued on, supported by an affidavit of claim. The sheriff in execution of the attachment writ levied upon certain real estate in Chicago, and personally served said Theodore G. Geipelt. On February 14, 1918, plaintiff appeared in court and suggested the death of Theodore G. Geipelt and moved that Louise M. Geipelt, administratrix, etc., be ordered to plead or demur to the declaration and that the suit proceed. The motion was supported by an affidavit stating that "Theodore G. Geipelt departed this life subsequent to the commencement of this suit and prior to September 28, 1917, and that upon that date an order was entered in the Probate Court of Cook County, allowing Louise M. Geipelt, conservatrix for Theodore G. Geipelt (who has heretofore on September 15, 1917, in this cause, filed a plea) to proceed and administer the estate of the said Theodore G. Geipelt, deceased; that she is now acting as such administratrix, and that said deceased at the time of his death was the sole defendant in this suit." On March 9, 1918, the court ordered that said Louise M. Geipelt, administratrix, etc., plead or demur to plaintiff's declaration within 20 days, and on March 26, 1918, she filed a verified plea as such administratrix, in which she alleged

"that prior to the time of the service of the writ in this case upon Theodore G. Geipelt, on June 7, 1917, he had been by the County Court of Cook County, adjudged insane, and that on June 8, 1917, the undersigned, Louise M. Geipelt, was appointed conservatrix of the estate of said Theodore G. Geipelt, insane, by the Probate Court of Cook County, * * * and this the said Louise M. Geipelt, administratrix of said estate, is ready to verify; wherefore she prays judgment whether this court will or ought to take further cognizance of said action."

Subsequently plaintiff demurred to said plea, but the court overruled the demurrer, and (plaintiff electing to stand by her demurrer) entered judgment for costs against plaintiff, from which judgment this appeal is taken.

We are of the opinion that the trial court erred in overruling plaintiff's demurrer to said plea and in entering judgment against the plaintiff. In section 1 of the Attachment Act (J. & A. ¶ 492) it is provided "that in any court of record having competent jurisdiction, a creditor may have an attachment against the property of *his debtor,* * * * when the indebtedness exceeds $20," in any one of the nine cases mentioned in the section. Plaintiff alleged two of said nine cases mentioned in said section as grounds for the attachment. We are not aware of any statutory provision of this State exempting the property of an insane person from attachment. "An insane person may be sued, and jurisdiction over him may be acquired by the like process as if he were sane." (16 Am. & Eng. Encyc. Law (2nd Ed.) 601; *Noel v. Modern Woodmen of America,* 61 Ill. App. 597-600; *Maloney v. Dewey,* 127 Ill. 395.) "The appointment of a committee or guardian for an insane person does not prevent the creditors of such person from commencing suits against him to recover their debts." (16 Am. & Eng. Encyc. Law (2nd Ed.) 602; *Aldrich v. Williams,* 12 Vt. 413; *Sternbergh v. Schoolcraft,* 2 Barb. (N. Y.) 153; *Steel v. Alan,* 2 Bos. & Pul. 362.) And the insane person, and not his conservator, is the proper person to be sued. (*Holdom v. James,* 50 Ill. App. 376-378; *Scott v. Bassett,* 194 Ill. 602-606.) "Inasmuch as a personal suit at law can be maintained against a lunatic, there is no reason why an attachment may not, in a proper case, be issued against him." (4 Cyc. 409; *Weber v. Weitling,* 18 N. J. Eq. 441.)

The judgment is reversed and the cause remanded for further proceedings.

*Reversed and remanded.*