**John P. Marsh, Appellant, v. Leslie P. Mick et al., Appellees.**

**William O'Meara, Appellee, v. John P. Marsh, Appellant, and Leslie P. Mick et al., Appellees.**

### Gen. Nos. 15,093 and 15,094.

### Consolidated for Hearing.

1. MECHANIC'S LIEN—*when fraud will defeat allowance.* If a claim for lien is wilfully and fraudulently filed for an excessive sum the allowance of any lien will be denied.

2. MECHANIC'S LIEN—*extent of lien upon default of owner.* In the event of failure of the owner to comply with his part of the contract the statute does not give a contractor a lien for the whole amount of his contract, nor for the entire amount of his damages against the owner, because of a breach of the contract, but simply for the value of what has been done. If by reason of the default of the owner the contractor fails to complete his contract, a con-

tractor is entitled to a lien for a part of his claim only. Under the present statute he is entitled to a personal judgment in a proceeding for mechanic's lien against the owner for his damages because of such breach, instead of being compelled to resort to a separate proceeding at law.

3. MECHANIC'S LIEN—*when allowance for attorney's fees not subject to review.* In the absence of objections having been filed before the master to the allowance of attorney's fees, the question of the propriety of such allowance is not saved for review.

Foreclosure. Appeal from the Circuit Court of Cook county; the Hon. GEORGE A. CARPENTER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed in part, reversed in part and remanded with directions. Opinion filed January 6, 1911.

**Statement by the Court.** John P. Marsh, one of the appellants, as owner of the indebtedness, filed a bill in the Circuit Court to foreclose a trust deed, recorded April 24, 1905, given by Leslie P. Mick, as the owner of the premises, and his wife, to the Chicago Title & Trust Company as trustee, upon lot 21, block 4, in Peleg Hall's Addition to Chicago, to secure the payment of the sum of $2,500, payable two months after date, with interest at five per cent. Leslie P. Mick, William O'Meara and others were made defendants.

William O'Meara, appellee, on August 2, 1905, filed a bill for a mechanic's lien against the same premises. Leslie P. Mick and others were made defendants to that bill. Marsh was not made a party to the bill, but he subsequently filed an answer thereto. Numerous other parties, mechanic's lienors, judgment creditors and encumbrancers, were also made defendants in both suits. Answers to the intervening petitions were filed, and by an order entered December 14, 1905, these two suits were consolidated under the suit of Marsh v. Mick and others.

Inasmuch as the principal question involved in these appeals relates to the claim of O'Meara for a lien upon the premises, we give a somewhat more full statement of his petition and the evidence thereunder. O'Meara

avers in his bill or petition that on April 20, 1905, he made a written contract with Mick, the owner, to furnish and set the stone for an apartment building then about to be erected by him on the premises described, for the sum of $4,000.  A copy of his contract is attached and made a part of his bill.   In the contract O'Meara agreed to furnish and set the cut stone for said building for the sum of $4,000, according to certain plans and specifications made by George O. Garnsey, architect; that he entered upon the construction of the building under the contract, and continued to perform thereunder until he was prevented by Mick; that after making the contract, the plans and specifications for the building were changed by Mick, so that the building was to be constructed three feet wider, whereby it became necessary to furnish and set a large amount of extra stone, not included in the contract, which he did, to the amount and value of $325; that on July 1, 1905, Garnsey, the architect, issued to him a certificate in writing, showing that there was due him for work and material to that time, furnished under his contract, "as estimated," the sum of $2,800; that Mick paid him $300 on said contract, and that there was due him from Mick "for materials and labor furnished under said contract and for extra material and labor furnished as aforesaid, after deducting the $300 paid by Mick, the sum of" $4,025, and that "said work under said contract was to be completed in a reasonable time, to-wit, within one year."   O'Meara's contract also provided that O'Meara might make alterations in the plans, drawings and specifications, or either of them, which he should deem proper, as the architect should advise, without impairing the validity of his contract, and in all of such cases the architect should value or appraise such alterations, and add to or deduct from the amount therein agreed to be paid, the excess or deficiency occasioned by such alterations.

O'Meara's petition makes a part thereof the claim for lien filed by O'Meara in the office of the Clerk of

the Circuit Court on the 31st day of July, 1905, in which O'Meara states that he made the contract of April 20th to set the cut stone on said building, and "that the claimant was to complete the cut stone work under said contract within a reasonable time, to-wit: one year;" that he did furnish extra cut stone for said building on said premises of the value of $325, and that all said "material, labor and services so furnished was used in and about the erection and improvement of the building on said premises; there is now due him for the furnishing of said material, labor and services aforesaid, after allowing to him all just credits, deductions and set-offs, the sum of $4,025, all of which is still due and unpaid, and he now comes and claims a lien upon the said land and improvements thereon for the amount of his claim, $4,025." He prays that he may be declared entitled to a lien upon the premises for the amount due him under said contract, pursuant to the statute in such case made and provided.

The cases were consolidated, and were referred to a special master, to take testimony and report the testimony, with his conclusions thereon, to the court.

The master reported that the appellant, Marsh, was the owner of the indebtedness secured under the trust deed described in his bill, and that there was due him the sum of $3,356.21, which was a first and prior lien upon the land, and was also a lien on the improvements thereon, subject to the mechanic's liens for labor and material set out in his report. No question is made in this regard as to the amount due the complainant Marsh. The master found that the claim for lien filed by O'Meara and set up in his petition included the total contract price for the completion of the cut stone work on the building, as well as an additional sum of $325 for extras; that the testimony of O'Meara gives the sum of $2,833.71 as the total value of the cut stone and extras actually used in the construction of the building, as well as the cut stone and extras furnished at the building, but not actually set in the building; that de-

ducting the $300 admitted by O'Meara as having been paid, leaves a balance of $2,533.71, or $1,491.29 less than the amount claimed by O'Meara in his lien filed in the office of the Clerk of the Circuit Court, and that this amount is so much in excess of the amount shown by the evidence to be due, as to show an intent to defraud on the part of O'Meara in setting up said claim for a lien, and that there was not a sufficient statement as to what constituted the extra work claimed as a lien; and concludes that by filing his claim for a lien O'Meara elected to rely on that claim and is bound by such election, and cannot afterwards ignore such claim for a lien, and that in the suit instituted by O'Meara he relies on the claim for the lien previously filed; that the contract to furnish and set all cut stone was an entire contract, and that by reason thereof the claim of O'Meara for stone delivered on the premises does not come within the provisions of the lien law providing for a lien for material men who shall have delivered material to the owner or his agent, or who shall have delivered such material on the premises for the purpose of improvement of said premises; that O'Meara's contract being to furnish and set the cut stone, the depositing of the material on the premises was not a delivery to the owner or his agent, but was a delivery to O'Meara himself for the purpose of being set; that until it was set the cut stone did not pass out of the possession of said O'Meara, and that O'Meara has knowingly and willfully claimed a lien for a much larger amount than he was justly entitled to, and that in making said claim for a lien he has not brought himself within the statute, and recommends that the prayer of his petition for a lien be denied, but that a judgment be entered in the cause in favor of O'Meara and against Mick for the sum of $3,133.71 as damages upon breach of contract, with interest from July 1, 1905.

The master also in his report found that the value of the land described was $7,500, and the value of the improvements placed thereon $2,500. He finds that

sundry claims for labor and materials should be allowed as liens against the improvements, together with solicitor's fees in each case.

On objections and exceptions filed, the court by its decree approved and confirmed the findings and conclusions of the special master, except as to the claim of O'Meara, and except as to solicitor's fees allowed for all liens for labor and materials, and except also as to the value of the improvements put upon the described premises, and decreed that O'Meara was entitled to a mechanic's lien for $2,525 upon the premises described prior to the lien of appellant Marsh, with legal interest thereon from June 30, 1905; and allows solicitor's fees on all claims for labor.

From this decree appellants, John P. Marsh and James D. Lynch, have prosecuted separately appeals and assigned errors, questioning the decree of the court below, in so far as it allows O'Meara a mechanic's lien upon the premises in question, and making it a superior lien to all others presented in the cases; and also questioning the decree of the court in allowing solicitor's fees to the lienors mentioned in the decree.

ROBERT C. FERGUS and GEORGE C. FRY, for appellants.

DEFREES, BUCKINGHAM, RITTER and CAMPBELL, for appellee, William D. O'Meara; HERMAN A. FISCHER, JR., of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

The principal question, as suggested in the foregoing statement, raised by the assignment of errors on the record, relates to the lien of appellee O'Meara. Upon a careful examination of the evidence in this case, we are of the opinion that the decree is erroneous in so far as it allows the complainant, O'Meara, a mechanic's lien upon the premises in question. The evidence in the record shows that the claim for a mechanic's lien filed by O'Meara, and asserted in his petition

for a lien, includes the total contract price for the completion of the cut stone work on the building, as well as an additional sum of $325 for extras.   We think that the master was justified in his conclusion that by filing his claim for a lien he elected to rely on that claim, and that he did in fact rely upon the claim by setting it out in his petition for a lien; that O'Meara's contract was an entire contract to furnish and set all the cut stone in the entire building, and that O'Meara was not entitled to a lien under the statute for materials delivered at the premises but not set in the building.   It appears from the record that O'Meara sublet the contract for setting the stone in the wall to one Charles Lindle, for the sum of $550, and that the cost of setting the stone which was actually put in the building was $250.   It does not appear what the value of the cut stone was which was delivered on the premises and not put into the building.   In making and filing his claim for a lien in the office of the Clerk of the Circuit Court, and in asserting that claim in his petition for a lien, we think that O'Meara was guilty of fraud; that he could not have honestly believed that he was entitled to the full contract price for the work which he had contracted to do, but which was not done, and that the attempt to claim a lien upon the premises so much in excess of the amount to which he was entitled, shows an intent on O'Meara's part to defraud the other lienors on the premises.   It was a statement of a fact which he ought to have known, and in our opinion did know, was false.   The evidence in this case satisfies us that it was deliberately and willfully made for the purpose of compelling appellant Marsh and others having liens on the property to pay him an unjust amount to clear the property of his claim, or resort to expensive litigation in regard thereto; and we think that because of the fraud thus practiced by O'Meara in this regard his lien should be denied.   We cannot believe, from the evidence in the record, that the amount claimed by O'Meara for a lien was a mere mistake or an error.

We are compelled to believe from the evidence it was an overcharge to such an extent as to constitute a fraud.

By section 4 of the act of 1903 it is provided that in case of failure of the owner to comply with his part of the contract "the contractor may discontinue the work * * * " and "that in such a case the contractor shall be entitled to enforce his lien for the value of what has been done, and the court shall adjust his claim and allow him a lien accordingly." The statute does not give a contractor a lien for the whole amount of his contract, nor for the entire amount of his damages against the owner, because of a breach of a contract, but simply for the value of what has been done. If by reason of the default of the owner the contractor fails to complete his contract, a contractor is entitled to a lien for a part of his claim only. Under the present statute he is entitled to a personal judgment in a proceeding for mechanic's lien against the owner for his damages because of such breach, instead of being compelled to resort to a separate proceeding at law.

Section 4 of the Lien Act recognizes what was the law as it previously existed, that if a claimant for a lien shall make such an overcharge as to indicate that it was done with intent to defraud, he cannot be allowed to enforce a lien. Phillips on Mechanic's Liens, sec. 525. O'Meara, in his claim filed with the Clerk of the Circuit Court, stated what he knew was not the fact when he said that all the material, labor and services for which he claimed a lien "were used in and about the erection and improvement of the building on said premises," and that there was justly due him the sum of $4,025. At the most, and under the most favorable interpretation and construction of the evidence, his proof shows that all the material and labor which was furnished and used in the erection of the building did not exceed the sum of $2,825. We think it cannot be said that the assertion of O'Meara in his claim for a lien for the sum of $4,025 is a mere mistake and error.

In Christian v. Allee, 104 Ill. App. 177, where the lienor untruthfully stated that the time of completion was extended and then accepted by the owner, the court said the authorities are that an untrue statement of a material matter will vitiate the claim.   1st Jones on Liens (2d ed.), sec. 1408; Foster v. Schneider, 2 N. Y. Sup. 875; Kling v. Ry. Co., 7 Mo. App. 410; Lynch v. Cronin, 63 Gray, 531; Crandall v. Lyon, 188 Ill. 87.

Where a party seeking a lien knowingly and willfully claims more than his due, he forfeits his lien.   Jones v. Keen, 115 Mass. 171; Stubbs v. Clarinda College Springs, 62 Iowa 280; Gibbs v. Hanchette, 90 Mich. 657; Brennan v. Miller, 97 Mich. 182.   The reason of the rule as stated in Nelson v. Withrow, 14 Mo. App. 270, is "that the owner of the building has the right to know, from the account filed, the amount which, under the law, has become a charge upon the property, in order that, by payment or tendering this amount, he may discharge the property of the encumbrances."

In our opinion the evidence shows, as found by the special master, that the value of the land on which the improvement stands is $7,500, and the value of the improvements placed thereon is $2,500, making the value of the land and improvements $10,000.   Appellant Marsh is entitled to a first and prior lien on the land and the proceeds thereof for the amount due under his notes and trust deed as found in the decree, together with his reasonable solicitor's fees as found therein, and that each of the other liens found in the decree except that of O'Meara, who is not entitled to a lien, as we hold, are subject to the lien of Marsh on the land or the proceeds thereof; and there should be set aside out of the receipts from the proportionate proceeds of the sale of the premises of the sum of $3,663.83 and interest thereon, being the amount found due appellant Marsh for the payment of the amount due Marsh, and the master should then apply the balance remaining of such proportionate share to the amounts

due the workmen and laborers, and then the surplus, if any, to the other persons entitled to mechanic's liens.

A personal judgment against Mick in favor of O'Meara should be entered in this proceeding for the sum of $3,133.71, being the damages found by the master for breach of contract, with interest from July 1, 1905.

Error is also assigned on that part of the decree allowing attorney's fees to the masons, carpenters and laborers. We do not find, however, any objections or exceptions to the allowance of attorney's fees were made before the master or in the court below, and we think appellant Marsh who assigns error on this part of the decree has waived his right to raise this question. Haas Electric Co. v. Amusement Co., 236 Ill. 452.

The decree is affirmed in part and reversed in part and the causes are remanded to the Circuit Court with directions to enter a decree in accordance with the views herein expressed.

*Affirmed in part, reversed in part and remanded with directions.*