Hyde Park Investment Company, Appellee, v. Hyde Park State Bank, Defendant. Liberty Supply & Lumber Company, Appellant.

Gen. No. 33,747.

540

Opinion filed May 28, 1930.

SMIETANKA, POULTON & BRYANT, for appellant; MORTON JOHN BARNARD, of counsel.

WILLIAM J. PRINGLE and EDWIN TERWILLIGER, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The Hyde Park Investment Company filed its bill to foreclose four certain trust deeds upon certain premises described in the bill, in which Liberty Supply & Lumber Company and others were made defendants. The cause proceeded to trial and there was a decree in favor of complainant, finding the amount due and ordering a sale of the mortgaged premises to satisfy such degree.

The appeals before us do not seriously challenge the integrity of the foreclosure decree.

Liberty Supply & Lumber Company, Fred M. Heinkel, George Thomas, Alfred Jones, and James A. Black Hardware Co., a corporation, filed their several answers to the bill of foreclosure in the nature of intervening petitions, claiming mechanics' liens upon the mortgaged premises for labor and materials furnished in buildings erected upon the mortgaged premises. All of these intervening petitions were dismissed for want of equity, five in number, and the appeals to this court are numbered respectively 33,747, 33,922, 33,923, 33,924 and 33,925, all of which have been consolidated in this court for hearing on complete record and abstract of said record in the case first above entitled.

All of the questions involved in the foregoing appeals will be discussed and disposed of in this opinion.

We make these preliminary observations applicable to all of the five mechanics' lien appeals before us..

In dismissing a bill, petition or intervening petition for want of equity, it is not necessary to recite findings of fact in such decree of dismissal. Findings of fact have no place in a decree dismissing a bill or intervening petition for want of equity. *Kelly v. Funkhouser,* 171 Ill. 205. In *State Bank of Chicago v. Christensen,* 195 Ill. 496, it was held that the incorporation of findings in a decree dismissing a bill for want of equity is unnecessary. Where there are such findings it is immaterial whether they are findings of fact or conclusions of law and fact.

Peter S. Nielsen, a widower, executed the four trust deeds sought to be foreclosed, to secure his indebtedness therein recited, and conveyed such premises to the Chicago Title & Trust Company as trustee to secure such loan. Nielsen on November 25, 1927, deeded the premises conveyed by the four trust deeds aforesaid to the Hyde Park State Bank as trustee. In and by the conveyance by Nielsen to the Hyde Park

State Bank, as trustee, said Nielsen conveyed all of his title, without reservation, to the property conveyed by the four trust deeds foreclosed in this proceeding, and subsequent thereto he died. As Nielsen at the time of his death had no title or claim of title to the real estate theretofore conveyed by him in the four trust deeds in this foreclosure proceeding, it was not necessary for complainant in the foreclosure proceeding to make the personal representatives of said Nielsen, deceased, parties to said foreclosure proceeding.

I. *The Claim for a Mechanic's Lien of the Liberty Supply & Lumber Company.*

The decree dismissing the intervening petition of the Liberty Supply & Lumber Company for want of equity at its costs was entered for the sole reason that it presented a claim which in every material particular was fraudulent and grossly exaggerated. Under such circumstances only one inference could be drawn from the evidence on that subject, which was that the fraud perpetrated was by design and with full knowledge on the part of the claimant.

In the first place the answer of the Liberty Company in the nature of an intervening petition for a mechanic's lien alleged that it entered into a verbal contract with Nielsen, the owner, to furnish lumber for the building then being erected on Lot 6, and that he agreed to pay therefor the reasonable value of such material; that it furnished such material and that its reasonable value was $2,669.51; and further alleged that on March 7, 1928, it filed in the office of the clerk of the circuit court a statement of mechanic's lien for such unpaid balance, and the same allegations were made in the intervening petition as to the three other lots, making a total claim of $10,689.04, and averred that the material was delivered to that amount for each of the four lots. It attempted to prove by its president categorically the delivery of the lumber on

each of the four lots in value the aggregate amount of $10,689.04. This witness testified that he was at the building four or five times a week and that he checked the lumber being used in the construction of the buildings on the four lots; that he saw such lumber used in the construction of such buildings; whereas in truth and in fact the contract was not a verbal contract but was in writing signed by the parties and was for a price fixed by the contract and not otherwise.

While the terms of the written contract between the parties provided for a trade discount which on the statement tendered would amount to $883.81, no such credit was given, and the Lumber Company attempted to collect the gross amount, notwithstanding that the books of the Lumber Company showed on inspection that the account was credited with the discount. This was a bold and fraudulent attempt by the Lumber Company to saddle the property with a lien for that excessive amount. Such conduct was not the result of a mistake or involuntary error, but was a deliberate fraud practiced by the Lumber Company intentionally and with full knowledge by the claimant of the facts. The law will excuse mistakes and honest errors, but not so where fraud, as in the case at bar, permeates the whole transaction, so far as the Lumber Company is concerned, and it is such fraud which under the law deprives claimant Lumber Company and bars it from any relief. Such gross and patent frauds cannot be condoned under the law. Many other fraudulent representations by claimant Lumber Company might be categorically set forth, but we think the foregoing recitations are sufficient, standing alone, to stamp the claim of the Lumber Company as fraudulent in every material particular and amply sufficient to bar it from any relief in a court of conscience.

The answer of the Lumber Company in the nature of an intervening petition for a mechanic's lien is the pleading of the Lumber Company, under the Me-

chanics' Lien Act, Cahill's St. ch. 82, ¶ 9; section 9, chap. 82, Smith-Hurd R. S. This provides that all parties may contest each other's rights without any formal issue made up between them. No special pleadings are necessary. Any proper evidence tending to contest the claim is admissible under such a petition, it being incumbent upon such petitioner to maintain by adequate proof the material averments of such petition. A failure so to do defeats the relief so sought. All the defendants without any special pleading have the right to put in evidence all facts material to defeat the claim made by the claimant in his pleadings. If the averments of claimant's pleadings are not proved or if the proof establishes facts not averred in the pleading, and no amendment is made to support the proof thus made, it would be the duty of the court to dismiss the bill. *Tucker v. Powell,* 318 Ill. 166. This rule has been applied in a number of cases in this State, among which are *Geraghty v. Organ,* 67 Ill. App. 263; *Ludwig v. Huverstuhl,* 108 Ill. App. 461; *Belanger v. Hersey,* 80 Ill. 70, and also in *Wagner v. Hansen,* 103 Cal. 104.

The truth of the Lumber Company's claim for mechanic's lien filed in the office of the clerk of the circuit court and its answer in the nature of an intervening petition, on which the trial was had, was effectually disproved by its own proofs. It claimed a verbal contract by which the lumber was to be furnished at a reasonable price, and proved a written contract by which the lumber was to be furnished at a fixed price. The claimant's frauds were abundantly proved by its own proofs. It further proved that its claim filed in the office of the clerk of the circuit court was false as well as its intervening petition for a mechanic's lien. In other words, it offered no proof, which under the law would entitle it to the mechanic's lien sought. The Lien Statute being contrary to the course of the common law, claims under it are required to be proven

with certainty. Nothing can be assumed in the absence of legal proof.

The following quotation from *Gibbs v. Hanchette,* 90 Mich. 657, cited and followed in *Marsh v. Mick,* 159 Ill. App. 399, is quite pertinent to the point last discussed:

"It is insisted in their behalf that the mistake was not fraudulent, wilful or intentional; that it is only an inaccuracy. The excuse given by them for the misstatement is that their attorney was absent at the time they filed their claim and, therefore, they could not arrive at exact amounts. But it appears that they made no efforts to ascertain whether they could obtain the contract from their attorney's office. . . . The most that can be said in their behalf is that they made and swore to the claim thoughtlessly and carelessly and without any effort to obtain the correct data, which were within their reach. We think this comes within the definition of 'knowingly' and 'wilfully' given by Mr. Phillips in his work on Mechanics' Liens in Section 355 as follows:

" 'A person wilfully and knowingly claims more than is due, only when he claims something which he knows not to be due, and not when he claims what he honestly, though mistakenly, believes to be due him.'

"It cannot be seriously contended that these complainants did not know that the claim was too large. . . . The purpose of the statute is that an accurate and truthful claim shall be filed. The authorities very generally hold that where there is an honest mistake of fact made in the honest belief of its correctness, courts will not for that reason hold that the lien is lost. But where claimants place upon record a statement which they know is not correct, the authorities are very uniform that the lien is lost. (Citing cases.) There is good reason for requiring strictness, accuracy and truthfulness in filing these statements. They are proceedings *ex parte* and *in invitum* as to those against

whom they are aimed. The effect is to tie up their property, to prevent sales and the raising of money by mortgage. The reason for this rule is well stated in *Hoffman v. Walton,* 36 Mo. 613. . . .

"Lienors with knowledge of the status of the account, or with information thereof at their disposal, cannot be excused for a failure to file this truthful statement, so wisely and clearly required by the statute. To hold otherwise would result in offering a premium for thoughtlessness and carelessness and in establishing liens contrary to the provisions of the law."

The claim that such defense is a technicality is well answered in *Wagner v. Hansen,* 103 Cal. 104, in the following language:

"The purpose of the record and statement must be to inform the owner, in case of a contractor and laborers rendering service under such contract, as to the extent and nature of a lienor's claim, to facilitate investigation as to its merits. Such a statement as the above would be misleading. The lienor is required to verify the statement. In all essential particulars it must be true.

"Respondent's only reply to this suggestion is that it is a mere technicality. Plaintiff's claim to a lien is a mere technicality. He is given a right upon condition that he complies with the statute, and there must be a substantial compliance with all these conditions to the right."

See *New Jersey Steel & Iron Co. v. Robinson,* 83 N. Y. S. 450, 451, affirmed in memorandum opinion 172 N. Y. 632; *Christian v. Allee,* 104 Ill. App. 177.

It is contended by claimant that evidence of exaggerated claims made in a conversation relative to a settlement were erroneously submitted. However, no such evidence was received regarding any negotiations for a settlement. It was an independent statement made in an effort to compromise and was therefore

admissible. *Domm v. Hollenbeck,* 142 Ill. App. 439. The rule is well stated in *Downs v. Michigan Commercial Ins. Co.,* 157 Ill. App. 32.

We ground our decision in the Liberty Company appeal, in affirming the decree of dismissal of the chancellor, that the claimant's claim was fraudulent in every material particular, false and grossly exaggerated and so done with intent to defraud; that the false claim was made intentionally and not through error, mistake or inadvertence; that by reason thereof the chancellor had no alternative under the law than to do as he did, disallow claimant's claim totally.

*No. 33,924.*

*II.   The Claim of Alfred Jones for a Mechanic's Lien.*

Jones claimed to be the plumbing contractor for the buildings to be erected on the four lots, trust deeds on which complainant was foreclosing. There are several defenses interposed such as the claim was not filed within four months from the doing of the last work under his contract, etc. These defenses, however, are not material in the light of the conceded fact that Jones executed and delivered a waiver of lien under seal for a valuable consideration. In the light of this waiver other defenses are unimportant. This waiver was executed and delivered on September 9, 1927, to the complainant. The waiver was addressed "To Whom It May Concern," and after reciting that Jones had been employed by Nielsen as contractor on the building described in complainant's bill of foreclosure, concluded thus:

"Now, therefore, know ye that I, the undersigned, for and in consideration of One Dollar and other good and valuable considerations, the receipt whereof is hereby acknowledged, do hereby waive and release any and all lien or claim or right of lien on said above described building and premises under 'an act to revise the law in relation to mechanic's lien approved

May 18, 1903, and in force July 1, 1903' and amendment thereto on account of labor or materials or both furnished or which may be furnished by the undersigned to or on account of the said work . . . for said building or premises.

"Given under my hand and seal this 9th day of September, 1927. (Signed) Alfred Jones (Seal)."

This waiver, as appears from the foregoing recitals therefrom, covered labor or materials or both furnished or which may be furnished by Jones "to or on account of said work," etc. This waiver is full and complete, covering as it did, all work and labor done or thereafter to be done for the premises covered by the trust deeds being foreclosed by complainant. The waiver operated to release any lien which Jones might have had but for such waiver. *Wolff Co. v. Gwynne,* 246 Ill. App. 86. The *bona fides* of the waiver is not questioned. It is a complete defense and amply sufficient to support the decretal order of the chancellor dismissing Jones' claim for want of equity.

*No. 33,922.*

*III. The Claim of Fred M. Heinkel, a Mason Contractor Upon the Premises in Foreclosure by Complainant.*

The Heinkel claim is similar to that of Jones and he gave a waiver of lien dated September 2, 1927, under seal. The waiver of lien is not abstracted. We have gone to the record and found a copy offered in evidence as an exhibit. The waiver is "on account of labor or materials or both furnished by Heinkel to or on account of the owner." It appears from the testimony that Heinkel received $4,000 on the date he signed the waiver of lien. Without any further explanation, documentary or oral subsequent to the execution and delivery of the waiver we are of the opinion that the waiver was effectual and discharged any lien which Heinkel theretofore had on the premises for

which he was mason contractor. We think the force and effect of this waiver is to the same purport and effect as in the Jones claim, *supra*. We find no evidence in the record justifying this court in reversing the finding of the chancellor in the Heinkel claim and dismissing his claim for want of equity.

*No. 33,923.*

*IV. The Claim of George Thomas.*

While Thomas did masonry work upon the premises sought to be foreclosed in complainant's foreclosure proceeding, yet there is no evidence or any suggestion of evidence found in the record that Thomas ever took any proceedings to perfect any lien which he might have had under the mechanic's lien statute. Therefore he is not in a position to charge the property with a lien for the work done and material furnished on the premises secured by complainant's four trust deeds from Nielsen. Therefore Thomas not having prosecuted his claim for a lien as provided by the mechanic's lien statute, he is not entitled to any relief in this proceeding, and the order of the chancellor dismissing his claim for want of equity was without error.

*No. 33,925.*

*V. The Claim of James A. Black Hardware Company for a Mechanic's Lien.*

The record as to the Black Hardware Company is practically the same as that of George Thomas. It took no steps towards preserving its lien which it had under the mechanic's lien statute. Therefore it had no standing in the trial which entitled it to a mechanic's lien upon the premises in complainant's foreclosure proceeding. Therefore the chancellor was unable to award any relief and the order dismissing the claim for want of equity was proper.

The action of the chancellor in dismissing for want of equity the intervening petitions of Liberty Supply & Lumber Company, Fred M. Heinkel, Alfred Jones,

George Thomas and James A. Black Hardware Company, and taxing the costs against the defendants last mentioned, was without error.

The decretal order dismissing the intervening petition of Liberty Supply & Lumber Company for want of equity is without error, and is therefore affirmed.

*Affirmed.*

WILSON, P. J., and RYNER, J., concur.