FEDCO ELECTRIC COMPANY, INC., Plaintiff-Appellant, *v.* SHELDON E. STUNKEL *et al.*, Defendants-Appellees.—(AMERICAN FLETCHER MORTGAGE COMPANY, INC., *et al.*, Defendants.)

Fourth District   No. 15315

Opinion filed October 2, 1979.—Rehearing denied November 13, 1979.

Sutkowski & Washkuhn Associates, of Peoria (Dean B. Rhoads, of counsel), for appellant.

Dukes, O'Rourke, Stewart & Martin, Ltd., of Danville (John P. O'Rourke, of counsel), for appellees.

Mr. JUSTICE GREEN delivered the opinion of the court:

Plaintiff Fedco Electric Company, Inc. (Fedco), appeals a judgment of the circuit court of Vermilion County entered on November 2, 1978, discharging its claim for mechanics' lien filed against premises belonging to defendants Sheldon and Sally Stunkel, d/b/a SES Development Company, Inc. (Stunkel), and dismissing, in bar of action, its suit to enforce the lien against Stunkel, various tenants, and other lien holders in the premises. We affirm.

Fedco was an electrical contractor who performed certain work for Stunkel in its erection of a shopping center. On July 21, 1975, it filed a claim for mechanics' lien in the office of the recorder of deeds of Vermilion County asserting that $181,824.42 plus interest was due it for work performed for Stunkel on those premises. On August 7, 1975, a complaint to enforce the lien, alleging only $168,083 plus interest to be due, was filed. After that complaint was dismissed on Stunkel's motion, Fedco filed an amended complaint claiming $168,003 plus interest to be due. Stunkel then filed a motion to expunge and discharge Fedco's claim for lien alleging it to be fraudulent for overstatement, double billing and lack of allowance for payments. Pursuant to that motion, the trial court not only ordered the claim for lien to be expunged but dismissed the complaint to foreclose the lien as well. Fedco does not complain that the court granted relief beyond the request of the motion.

Fedco does vigorously argue that the judgment appealed was, in effect, a summary judgment and was entered without a sufficient showing being made that (1) there was "no genuine issue as to any material fact," and (2) Stunkel was "entitled to a judgment as a matter of law," all as required by section 57 of the Civil Practice Act. (Ill. Rev. Stat. 1977, ch. 110, par. 57.) Fedco also asserts that (1) a discovery deposition of one of its officers, which constituted most of the factual basis for the trial court's ruling, was not properly before that court, and (2) it was denied due process at the hearing on the motion pursuant to which the judgment was entered. Because we conclude that the trial court properly dismissed Fedco's complaint for overstatement amounting to constructive fraud, we need not consider the further contention of Fedco that the trial court erred in dismissing its original complaint and requiring it to file an amended complaint treating the shopping center as several tracts of land and claiming liens upon each tract only to the extent that construction services were furnished by it as to that tract.

Stunkel's theory of defense was based on section 7 of "An Act relating to contractors' and material men's liens, known as mechanics' liens" (hereinafter Mechanics' Liens Act) (Ill. Rev. Stat. 1977, ch. 82, par. 7). The principal thrust of that section is to require contractors seeking to

establish mechanics' liens against third parties, not owners of the premises sought to be encumbered, to timely file claims for the liens with the recorder of deeds of the county where the land is located. The section further provides that no mechanics' lien "shall be defeated to the proper amount thereof because of an error or overcharging on the part of any person claiming a lien therefor under this Act, *unless it shall be shown that such error or overcharge is made with intent to defraud.*" (Emphasis added.) Ill. Rev. Stat. 1977, ch. 82, par. 7.

In *Marsh v. Mick* (1911), 159 Ill. App. 399, a mason had filed a claim for and sought to enforce a mechanics' lien for a little over $3,000, an amount found to be excessive by about $1400. The master in chancery to whom the case was referred found the overcharge to have been made with knowledge of the claimant and to be so excessive in amount as to constitute fraud within the meaning of a statutory provision similar to section 7. The circuit court rejected the master's findings on that point but the appellate court reversed and ordered the findings to be adopted. The opinion noted that the statutory provision was a statement of the rule at common law and stated, "We cannot believe, from the evidence in the record, that the amount claimed by O'Meara for a lien was a mere mistake or an error. We are compelled to believe from the evidence it was an overcharge to such an extent as to constitute a fraud." 159 Ill. App. 399, 405-06.

In *Edward Edinger Co. v. Willis* (1931), 260 Ill. App. 106, and *Hyde Park Investment Co. v. Hyde Park State Bank* (1930), 257 Ill. App. 539, the appellate courts affirmed trial courts' decrees denying mechanics' liens to claimants who had been guilty of fraud in making claims for lien. In *Hyde Park Investment Co.*, the claimant had failed to allow a $883.81 trade-in discount on a $2,669.51 contract.

Here, Mr. Ed Leverenz, president of Fedco, admitted in his deposition that Fedco had failed to credit Stunkel for payment of $19,220 and that another $13,500 had been charged Stunkel for work actually done for one of the shopping center's tenants. He also admitted that approximately $2,500 should have been credited to Stunkel for various other items. Other double billings and failure to subtract items all in amounts not subject to easy calculation were also admitted. Mr. Leverenz acknowledged that substantial deductions and credits should have been given to Stunkel but apparently did not do so because of difficulty he felt that they had encountered in getting payment from Stunkel in the past. When asked when he intended to calculate the credits due Stunkel, he replied he would do so, "[w]henever the judge directed me, or some such person, such as my attorney."

▪▪ ▪ Fedco maintains that much of the overstatement in the claim for lien was due to the shortness of time that it had to file the claim for lien.

However, the record indicates that it could have waited for more than two months before filing and still meet the time requirements of section 7. The foreclosure complaints alleged smaller amounts due than did the claim for lien filed with the recorder of deeds but still included the larger overcharges. The effect of the overcharge was to give the appearance of greater encumbrance existing against Stunkel's property than was actually the case. Past failure by Stunkel to pay amounts justly owed to Fedco did not excuse the overstatement. Here, as in *Marsh*, the overstatement was not a mere mistake but was knowingly made. We agree with the trial court that because of that knowledge and the size of the overcharges, they amounted to constructive fraud as a matter of law. The trial court properly concluded that no material issue of fact existed and Stunkel was entitled to judgment.

Fedco's contention that the Leverenz deposition was not properly before the court relies on Supreme Court Rule 207(b) (58 Ill. 2d R. 207(b)) which provides that at the request of any party the officer taking a deposition shall securely seal the deposition along with all exhibits and promptly transmit them to the circuit clerk for filing and that the party causing the deposition to be filed shall promptly serve notice thereof. At the time of the hearing on the motion, the trial judge did not have a copy of the deposition, but both parties requested that he subsequently review the deposition. Although the docket sheet does not contain any notation of a filing of the deposition, both the trial judge and circuit clerk certified that the deposition was received at the time Stunkel filed its supplement to the original discharge motion upon which judgment was entered. Notice was given of the filing of the motion but not of the accompanying deposition. As no inaccuracy in the deposition is claimed, and because Fedco requested the judge to consider the deposition and had notice of the filing of the document which the deposition accompanied, we do not find reversible error in the manner in which the deposition came before the trial court.

Fedco argues that it was denied due process because it was not given an opportunity to respond to Stunkel's supplement to its motion, a 35-page document which was much more specific and detailed than its original motion. Eight days after the receipt of the supplement, on April 20, 1978, the trial judge wrote to the parties indicating that he intended to allow the motion. Subsequently, Fedco filed a motion objecting to the form of a proposed order and moving for a rehearing. Any objection to the form of the order must have been resolved because the order eventually entered noted Fedco's attorney's approval as to form. The thrust of the motion was to object to the detail and argument in Fedco's supplement to its motion and to make further argument on its own behalf. After filing of Fedco's motion, Stunkel filed a motion to strike Fedco's

motion and Fedco replied to the latter motion. Four months then elapsed before the trial court entered its order. No request by Fedco to be heard on any pending matter during that time was shown of record. We do not consider cases cited by Fedco on the issue to be specifically in point. We do not find the record to indicate that Fedco was denied due process.

■ The final issue raised on this appeal is whether the costs of providing the Leverenz deposition as a supplement to the record should be assessed against appellant Fedco. Supreme Court Rule 329 (58 Ill. 2d R. 329) in pertinent part provides: "If the record is insufficient to present fully and fairly the questions involved, the requisite portions may be supplied at the cost of the appellant." On March 28, 1979, Stunkel's motion to supplement the record by adding the Leverenz deposition was granted by this court. As documented by that motion Stunkel incurred costs of $67.31. Stunkel moved to have these costs assessed against the appellant Fedco, and the court ordered that motion to be taken with the case. Since it was the Leverenz deposition which allowed the court to conclude that fraudulent exaggeration existed as a matter of law, its inclusion was necessary to present fully and fairly the questions involved in this case. This is exactly the type of situation contemplated by Supreme Court Rule 329, and therefore the cost of providing the Leverenz deposition will be assessed against appellant Fedco.

For these reasons we affirm and assess costs of supplementing the record against appellant Fedco.

Affirmed.

TRAPP and CRAVEN, JJ., concur.