BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Plaintiff, v. ZEDD INVESTMENTS, INC., *et al.*, Defendants (Inland Electric Corporation, Counterplaintiff-Appellant; Bank of America National Trust and Savings Association *et al.*, Counterdefendants-Appellees).

Third District No. 3—94—0911

Opinion filed November 28, 1995.

Frank S. Cservenyak, Jr., and Timothy J. Rathbun, both of McKeown Law Office, of Joliet, for appellant.

Thomas Feehan, of Rooks, Pitts & Poust, of Joliet, for appellee Bank of America National Trust and Savings Association.

David J. Lloyd, Jason H. Katz, and Steven J. Field, all of Berger, Newmark & Fenchel, P.C., of Chicago, for other appellees.

JUSTICE BRESLIN delivered the opinion of the court:

The counterplaintiff, Inland Electric Corporation (Inland), filed a complaint for judgment and foreclosure in relation to mechanics liens it filed against several individual homeowners, their mortgagees, and the Bank of America (hereafter referred to collectively as counterdefendants). The trial court granted summary judgment to the counterdefendants on the grounds that Inland committed constructive fraud by filing multiple liens which misrepresented the amounts it was owed. Inland appeals. We hold that lien claims should be defeated on the basis of constructive fraud where a lien claimant files multiple liens that create the appearance of an encumbrance on the property which is substantially greater than the amount the claimant is owed. We therefore affirm.

In May 1989, Inland entered into two contracts with Cenvill Illinois Corporation (Cenvill), the owner and developer of the Carillon residential subdivision in Plainfield, to perform electrical work in the subdivision. One of the contracts covered work to be performed on townhomes and the other covered work to be performed on single-family homes. Inland also contracted with Cenvill in June 1990 to perform additional work in the subdivision.

In April 1991, Inland filed 60 individual mechanics liens against residences in the subdivision (April liens). Each lien specified the value of work Inland performed for a specific lot; the total amount exceeded $122,000. Inland listed June 26, 1990, as the date of the contract that formed the basis for each of the liens and listed dates for the completion of the work ranging from December 20, 1990, to

April 18, 1991. Cenvill owned 16 of these lots and had previously sold 44 others to individual purchasers.

In July 1991, Inland filed a blanket lien against all of the property in the subdivision (July lien). The lien claimed that Inland was owed $138,633.07, exclusive of interest. Although Inland based this lien on the May 1989 contract for work on townhomes, the lien stated that Inland performed work on both townhomes and single-family homes. Inland listed April 13, 1991, as the completion date of the work.

Finally, in August 1991, Inland filed two more blanket liens covering only those parcels that were still owned by Cenvill (August liens). One lien stated that $26,069.04 was owed for work performed pursuant to the contract for single-family homes; the other stated that $121,766.37 was due for work performed pursuant to the townhome contract. Both liens listed April 13, 1991, as the completion date of the work. All of the land covered by the August liens was also covered by the April or July liens.

Inland then brought this action against the counterdefendants, seeking a judgment and foreclosure on *all* of the liens. The total amount claimed in these liens exceeded $400,000. The counterdefendants filed a motion for summary judgment. Attached to this motion was a transcript of the deposition of Inland's president, Edward Mattox, in which he stated that the total outstanding balance on all of Inland's work in the subdivision, exclusive of interest, was $138,633.07.

The trial court found that Inland had committed constructive fraud by filing multiple liens which misrepresented the amount it was owed. Therefore, the court granted the counterdefendants' motion for summary judgment. Inland now appeals.

This court reviews summary judgment orders *de novo*. (*Farmers State Bank v. National Bank* (1992), 230 Ill. App. 3d 881, 596 N.E.2d 173.) Summary judgment should be granted when the pleadings, depositions, admissions and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1994).

■ The Illinois Mechanics Lien Act provides that "[n]o such lien shall be defeated to the proper amount thereof because of an error or overcharging on the part of any person claiming a lien therefor under this Act, unless it shall be shown that such error or overcharging is made with intent to defraud." (770 ILCS 60/7 (West 1994).) Illinois courts have long held that this provision is intended to protect the honest lien claimant who makes a mistake rather than a dishonest claimant who knowingly makes a false statement. (*E.g., Christian v.*

*Allee* (1902), 104 Ill. App. 177, 188.) In addition, courts have held that liens should be defeated on the basis of constructive fraud where a lien claimant knowingly files a lien containing a substantial overcharge. *Lohmann Golf Designs, Inc. v. Keisler* (1994), 260 Ill. App. 3d 886, 632 N.E.2d 121; *Fedco Electric Co. v. Stunkel* (1979), 77 Ill. App. 3d 48, 395 N.E.2d 1116.

■ In *Lohmann*, a subcontractor who was owed $145,568 filed individual liens on three separate, contiguous parcels of land. Each lien listed $145,568 as the amount owed, which created the impression that the subcontractor was owed a total of over $400,000. The *Lohmann* court held that the subcontractor's conduct amounted to constructive fraud because the lien claims overstated the amount actually due. (*Lohmann*, 260 Ill. App. 3d at 892, 632 N.E.2d at 126.) The court stated that "a claimant who knowingly makes a false statement regarding a material matter should not be allowed to recover because the effect of his actions is to give the appearance of a greater encumbrance on the property than that to which he is entitled." *Lohmann*, 260 Ill. App. 3d at 891-92, 632 N.E.2d at 125.

■ The *Lohmann* decision puts contractors on notice that they must exercise their rights under the Mechanics Lien Act in a manner that does not diminish the integrity and accuracy of land records. Inland failed to uphold its responsibility in this regard. For each parcel in the Carillon subdivision, Inland filed at least two separate liens based on different contracts and different work completion dates. Interested persons inspecting the land records for a particular parcel would mistakenly conclude that the parcel was encumbered not once, but twice, and for an amount substantially greater than Inland was actually owed. The misrepresentation Inland created has the same effect as the one created by the lien claimant in *Lohmann*. Accordingly, the trial court did not err by dismissing Inland's lien claims on the basis of constructive fraud.

Finally, Inland relies on *Federal Savings & Loan Insurance Corp. v. American National Bank & Trust Co.* (1983), 115 Ill. App. 3d 426, 450 N.E.2d 820, to support its contention that Illinois courts allow multiple lien filings for the same work. We disagree. *Federal Savings & Loan Insurance Corp.* permits the filing of amended liens, not multiple liens that grossly overstate the amount the claimant is actually owed. Therefore, *Federal Savings & Loan Insurance Corp.* has no application to this case.

For the foregoing reasons, we hold that lien claims should be defeated on the basis of constructive fraud where a lien claimant files multiple liens that create the appearance of an encumbrance on the property which is substantially greater than the amount the claim-

ant is owed. Accordingly, the judgment of the circuit court of Will County is affirmed.

Affirmed.

HOLDRIDGE and SLATER, JJ., concur.