SPRINGFIELD HEATING AND AIR CONDITIONING, INC., Plaintiff-Appellant, v. 3947-55 KING DRIVE AT OAKWOOD, LLC, *et al.*, Defendants-Appellees.

First District (4th Division)    No. 1—07—2987

Opinion filed January 15, 2009.

Barclay, Dixon & Smith, P.C., of Chicago (Lester L. Barclay and Crystal L. Roberts, of counsel), for appellant.

Law Offices of Mark J. Rose, of Chicago (Mark J. Rose, of counsel), for appellees 3947-55 King Drive at Oakwood, LLC and Southeast Contractors, LLC.

JUSTICE GALLAGHER delivered the opinion of the court:

Plaintiff Springfield Heating and Air Conditioning, Inc. (Springfield), appeals the trial court's dismissal of its second amended complaint pursuant to section 2—615 (735 ILCS 5/2—615 (West 2004)) and section 2—619 (735 ILCS 5/2—619 (West 2004)) of the Code of Civil Procedure. Springfield contends on appeal that the trial court erred in dismissing its foreclosure of a mechanic's lien count on the basis of constructive fraud because no evidence demonstrating Springfield's intent to defraud was established by defendants Oakwood, LLC, and Southeast Contractors, LLC.[1] Springfield also claims that the trial court erred in dismissing its counts for unjust enrichment and *quantum meruit* as alternative theories of liability against Oakwood because Oakwood retained the benefits of Springfield's plumbing services without compensating Springfield for those services. For the reasons stated below, we affirm in part and reverse in part.

The following facts are relevant to the instant appeal. Springfield's business consists of providing materials, services, labor and equipment relating to construction services, including air conditioning, plumbing and heating services. Southeast provides general contracting services. Oakwood owns the properties commonly known as 3947-55 King Drive and 401-415 E. Oakwood (collectively referred to herein as "property").

On March 31, 2005, Southeast as the general contractor entered into a "Standard Form of Agreement Between Contractor and Subcontractor" with Springfield as the subcontractor. Southeast was the general contractor for improvements Springfield made at the property, which totaled $465,000.

On September 19, 2005, Southeast terminated its relationship with Springfield. At that time, the unpaid balance relating to the improvements Springfield made to the property totaled $289,302. On December 1, 2005, Springfield filed a contractor's claim for lien for each parcel of property in the trial court alleging that on March 31, 2005, Springfield entered into a contract with Oakwood to provide plumbing services at the property. Springfield claimed that it began providing the plumbing services on April 15, 2005, and by September 19, 2005, Springfield completed 85% of the contracted for services, which totaled $198,000. Springfield further alleged that Oakwood requested additional services and materials, which it provided at a

---

[1]Oakwood, LLC, and Southeast Contractors, LLC, are appellees to this appeal and filed a combined brief.

value of $121,302. Springfield alleged that the total amount outstanding after credits was $289,302. Springfield filed a contractor's claim for lien to recover the full unpaid balance of $289,302 with interest at 5% per annum from September 19, 2005, on each of the two properties.

On December 5, 2005, Springfield filed a complaint to foreclose the two mechanic's liens. In response, Oakwood and Southeast filed a section 2—615 motion to dismiss because Springfield failed to allege that it served Oakwood with notice of its mechanic's liens within 90 days following the completion of work at the property. The trial court granted the dismissal without prejudice. On September 15, 2006, Springfield filed an amended complaint, which included an unjust enrichment count and a *quantum meruit* count against Oakwood in addition to the count to foreclose the two mechanic's liens. The trial court again dismissed the complaint on the grounds that Springfield failed to allege that it served Oakwood with notice of its mechanic's liens within 90 days.

On April 19, 2007, Springfield filed a second amended complaint to foreclose on the two mechanic's liens and for other relief, including the unjust enrichment and *quantum meruit* counts against Oakwood. This time, Springfield alleged that it notified Oakwood of Springfield's mechanic's liens. Oakwood and Southeast filed a combined section 2—615 and 2—619 motion to dismiss Springfield's complaint. Oakwood and Southeast sought dismissal under section 2—619(e)(9) on the grounds that Springfield sought enforcement of two separate and identical mechanic's liens each for $289,302 creating an appearance of an encumbrance twice as much as the amount owed. Oakwood and Southeast also sought dismissal under section 2—615 for Springfield's unjust enrichment and *quantum meruit* counts on the basis that the sole remedy of a subcontractor against an owner of real estate is under the Mechanics Lien Act (Act) (770 ILCS 60/0.01 (West 2006)). On September 20, 2007, the trial court dismissed with prejudice Springfield's mechanic's lien claims based on a constructive fraud theory. The trial court also dismissed the unjust enrichment and *quantum meruit* counts brought against Oakwood since Springfield failed to comply with the Act, which then precluded recovery under equitable doctrines. Springfield timely appealed the trial court's dismissals pursuant to sections 2—615 and 2—619.

A motion to dismiss under section 2—615 "challenges the legal sufficiency of a complaint based on defects apparent on its face." *Heastie v. Roberts*, 226 Ill. 2d 515, 531, 877 N.E.2d 1064, 1075 (2007). To decide the legal sufficiency of a complaint, "all well-pleaded facts are taken as being true and all reasonable inferences from those facts

are drawn in favor of the plaintiff." *Luise, Inc. v. Village of Skokie*, 335 Ill. App. 3d 672, 685, 781 N.E.2d 353, 364 (2003). In reviewing a trial court's granting of a section 2—615 motion to dismiss, the question this court must address "is whether the allegations in the complaint, when viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted." *Luise*, 335 Ill. App. 3d at 685, 781 N.E.2d at 364. We review section 2—615 dismissals *de novo. Heastie*, 226 Ill. 2d at 530-31, 877 N.E.2d at 1075.

A motion to dismiss under section 2—619 "admits the legal sufficiency of the plaintiff's claim but asserts 'affirmative matter' outside of the pleading that defeats the claim." *Czarobski v. Lata*, 227 Ill. 2d 364, 369, 882 N.E.2d 536, 539 (2008). In a section 2—619 motion to dismiss, the defendant bears the burden of proving the affirmative defense. *Luise, Inc.*, 335 Ill. App. 3d at 685, 781 N.E.2d at 363. The purpose of a section 2—619 dismissal "is to dispose of issues of law and easily proved issues of fact early in the litigation." *Czarobski*, 227 Ill. 2d at 369, 882 N.E.2d at 539. When reviewing a section 2—619 motion to dismiss, this court " 'must consider whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law.' " *Czarobski*, 227 Ill. 2d at 369, 882 N.E.2d at 539, quoting *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116-17, 619 N.E.2d 732 (1993). We review section 2—619 dismissals *de novo. Czarobski*, 227 Ill. 2d at 369, 882 N.E.2d at 539.

Springfield first contends on appeal that the trial court erred in dismissing its foreclosure of a mechanic's lien count from the complaint because the mechanic's liens were enforceable and no evidence of an intent to defraud existed. Springfield claims that the trial court erred in finding that the mechanic's liens amounted to "constructive fraud." Springfield maintains that the liens contain an inadvertent error and not an intentional error intended to deceive anyone or to obtain an amount in excess of what was due and owing to it. Springfield claims that section 7 of the Act protects an honest lien claimant who makes a mistake rather than a dishonest claimant who knowingly makes a false statement. *Peter J. Hartmann Co. v. Capitol Bank & Trust Co.*, 353 Ill. App. 3d 700, 706, 817 N.E.2d 913 (2004). According to section 7 of the Act, no lien "shall be defeated to the proper amount thereof because of an error or overcharging on the part of any person claiming a lien therefor under this Act, unless it shall be shown that such error or overcharge is made with intent to defraud." 770 ILCS 60/7 (West 2006). Springfield contends that its status as an honest lien claimant making an inadvertent error is

evidenced by the following: (1) "the complaint seeks the same amount as stated in the liens"; (2) "the lien amounts stated on their face [were] for the total amount for work performed at both pieces of property owned by the same entity"; (3) "the liens stating the different tracts of land reference the same contract date, the same work to be furnished, the same work furnished as of the wrongful termination date and the amounts due and owing"; and (4) "Springfield denied that it intended to overstate its lien amount." Springfield also claims that it lacked an intent to defraud and, as such, the trial court should have allowed Springfield to prepare amended liens to attach to an amended pleading to effect substantial justice. Springfield further claims that the record contains no additional evidence to demonstrate an intent to defraud by Springfield in recording and enforcing the liens for the two different parcels. Thus, Springfield maintains that its count to foreclose the mechanic's liens should be reinstated.

Oakwood and Southeast respond that Springfield created the appearance of constructive fraud by filing two separate liens totaling $578,604.52, which was an amount substantially greater than the balance of $289,302.26 owed to Springfield. Rather than allocating the total balance outstanding between the two parcels of property or filing a blanket lien, Oakwood and Southeast note that Springfield filed a lien on each property for the balance outstanding creating the appearance that the total amount encumbered on the two parcels was $578,604.52. Oakwood and Southeast claim that overages in liens may be considered constructive fraud where the amount in error was too significant to be considered a mere mistake. *Marsh v. Mick*, 159 Ill. App. 399 (1911). Oakwood and Southeast also claim that Springfield forfeited its contention that it lacked the intent to defraud because Springfield failed to raise that argument in the trial court. Oakwood and Southeast further claim that Springfield did not argue in the trial court that Oakwood and Southeast failed to meet their burden of proving Springfield's intent to defraud allegedly necessary to defeat Springfield's lien claims as constructive fraud. Instead, Oakwood and Southeast maintain that a lien containing a substantial overcharge should be defeated on the basis of constructive fraud. Thus, Oakwood and Southeast claim that the trial court did not err in invalidating Springfield's mechanic's liens.

We agree with Springfield's contentions because an intent to defraud was not established here. As an initial matter, we turn our attention to Oakwood and Southeast's forfeiture claim that Springfield did not raise the lack of evidence regarding its intent to defraud at the trial court. Forfeiture of an issue is a limitation on the parties and not on this court. *Smith v. Menold Construction, Inc.*, 348 Ill. App. 3d

1051, 1056, 811 N.E.2d 357, 362 (2004). As such, we decline Oakwood and Southeast's request to apply the forfeiture rule and choose to address the merits of Springfield's issue regarding the lack of an intent to defraud.

The parties agree, as does this court, regarding the factual basis of the instant case. Instead of prorating and allocating a portion of the total amount due to each of the two parcels of property, Springfield filed a separate lien on both parcels of property for the total amount outstanding resulting in the appearance that each parcel was encumbered for more than the amount outstanding. The trial court found the overstatement akin to constructive fraud, relying primarily upon this court's decision in *Lohmann Golf Designs, Inc. v. Keisler*, 260 Ill. App. 3d 886, 632 N.E.2d 121 (1994). This court in *Lohmann* stated that "[a]lthough section 7 of the Mechanics Lien Act states that 'an intent to defraud' is necessary before a mechanics' lien claim will be defeated due to an error or overcharge, our courts have held that where a lien claimant knowingly files a lien containing a substantial overcharge, the claim should be defeated on the basis of constructive fraud." *Lohmann*, 260 Ill. App. 3d at 891, 632 N.E.2d at 125. The *Lohmann* court articulated the rationale for this rule by stating that "a claimant who mistakenly files an erroneous claim will not be precluded from recovering, while a claimant who knowingly makes a false statement regarding a material matter should not be allowed to recover because the effect of his actions is to give the appearance of a greater encumbrance on the property than that to which he is entitled." *Lohmann*, 260 Ill. App. 3d at 891, 632 N.E.2d at 125. The methodology used to record the liens in the instant case is similar to the liens recorded in *Lohmann* because a separate lien was recorded for the full amount outstanding on each parcel; however, here, no additional evidence demonstrating an intent to deceive was established. In *Lohmann*, this court found an intent to defraud based on the misstated lien amount in conjunction with an affidavit averring that the amount recorded on each lien represented a true and accurate amount owed. See *Lohmann*, 260 Ill. App. 3d at 892-93, 632 N.E.2d at 126-27. Based on the affidavit and the erroneous amount recorded on the lien, the *Lohmann* court inferred the intent to defraud because the affiant, as president of the company, had knowledge of what the total amount owed was and that the liens exceeded the accurate outstanding balance. See *Lohmann*, 260 Ill. App. 3d at 892, 632 N.E.2d at 126. As noted by Springfield, the *Lohmann* case is distinguishable because no evidence other than the erroneous amount listed on the mechanic's liens was established to demonstrate Springfield's intent to defraud.

Subsequent to the trial court's decision in the instant case, this

court decided *Cordeck Sales, Inc. v. Construction Systems, Inc.*, 382 Ill. App. 3d 334, 887 N.E.2d 474 (2008), which Springfield relies upon in its reply brief to establish that evidence of an intent to defraud in addition to a misstatement in the lien must exist to invalidate a mechanic's lien. In *Cordeck*, this court held that an affidavit detailing the amount outstanding, which was greater than the actual amount due, and the procedure used to prepare the lien did not establish an intent to defraud where partial payment on the outstanding balance was received after the affidavit was prepared. *Cordeck*, 382 Ill. App. 3d at 372, 887 N.E.2d at 512. The *Cordeck* court held that based on the affidavit, it was reasonable to infer that the affiant was unaware of the overstatement, thereby negating an intent to defraud. *Cordeck*, 382 Ill. App. 3d at 372, 887 N.E.2d at 512. The *Cordeck* court stated that "[e]ven under a constructive fraud theory, a lien claim will not be invalidated simply because the claim contains an overstatement." *Cordeck*, 382 Ill. App. 3d at 373, 887 N.E.2d at 513. This court reasoned that "in most cases, 'the intent to defraud [is] shown by executed documents that on their face overstate the amount *due in combination with some other evidence of record from which intent could be inferred.'*" (Emphasis in original.) *Cordeck*, 382 Ill. App. 3d at 373, 887 N.E.2d at 513, quoting *Hartmann*, 353 Ill. App. 3d at 708, 817 N.E.2d 920. In *Cordeck*, this court did not invalidate the mechanic's lien because the party seeking to invalidate the lien failed to point to "other evidence from which fraudulent intent can be inferred." *Cordeck*, 382 Ill. App. 3d at 373, 887 N.E.2d at 513. Similarly here, Oakwood and Southeast failed to point to any other evidence from which an intent to defraud can be inferred.

Also, in *Cordeck*, this court relied upon its earlier decision in *Peter J. Hartmann Co. v. Capitol Bank & Trust Co.*, 353 Ill. App. 3d 700, 817 N.E.2d 913 (2004). In *Hartmann*, the notice and multiple lien claims were for $279,824 despite the amount relating to work performed totaled $9,700. *Hartmann*, 353 Ill. App. 3d at 703-04, 817 N.E.2d at 917. The *Hartmann* court undertook an analysis of the cases cited by Oakwood and Southeast, which included *Lohmann, Bank of America National Trust & Savings Ass'n v. Zedd Investments, Inc.*, 276 Ill. App. 3d 998, 658 N.E.2d 849 (1995), *Fedco Electric Co. v. Stunkel*, 77 Ill. App. 3d 48, 395 N.E.2d 1116 (1979), and *Marsh v. Mick*, 159 Ill. App. 399 (1911), concluding that those cases were distinguishable because "the intent to defraud was shown by executed documents that on their face overstated the amount due in combination with some other evidence of record from which intent could be inferred." *Hartmann*, 353 Ill. App. 3d at 708, 817 N.E.2d at 920. We agree with this court's analysis of the cited cases in *Hartmann*. After

analyzing the relevant case law, this court in *Hartmann* held that the trial court "erred in finding that Hartmann's recording and registering of multiple notice and claim for lien documents constituted constructive fraud, rendering the mechanics lien unenforceable." *Hartmann*, 353 Ill. App. 3d at 710, 817 N.E.2d at 921. The *Hartmann* court also held that there was "no document that on its face overstates the amount due and no evidence of intent to defraud." *Hartmann*, 353 Ill. App. 3d at 708, 817 N.E.2d at 921. Thus, in both *Cordeck* and *Hartmann*, this court concluded that evidence of an intent to defraud must exist.

Moreover, turning specifically to the statutory language of section 7 of the Act, we note that section states, in pertinent part: "[n]o such lien shall be defeated to the proper amount thereof because of an error or overcharging on the part of any person claiming a lien therefor under this Act, *unless it shall be shown that such error or overcharge is made with intent to defraud.*" (Emphasis added.) 770 ILCS 60/7 (West 2006). An "[i]ntent to defraud may be inferred from documents containing overstated lien amounts combined with additional evidence." *Cordeck*, 382 Ill. App. 3d at 378, 887 N.E.2d at 516. Section 7 of the Act requires an intent to defraud even under a constructive fraud theory. *Hartmann*, 353 Ill. App. 3d at 708, 817 N.E.2d at 920. The presence of "an error in a mechanic's lien claim is not cause to defeat the claim; rather, such a claim will only be defeated if there is evidence that the error was made with an 'intent to defraud.' " *Cordeck*, 382 Ill. App. 3d at 400-01, 887 N.E.2d at 534, citing 770 ILCS 60/7 (West 2006).

■ In light of section 7 of the Act's express language, as well as this court's recent holdings in *Cordeck* and *Hartmann*, we conclude that an express showing of an intent to defraud must be established by evidence in addition to and apart from an overstatement included in a lien. As such, the trial court erred in dismissing Springfield's count to foreclose the mechanic's liens and we remand the cause for further proceedings. We express no opinion on the merits of the case and instead limit our conclusion within the scope of deciding the issue under a motion to dismiss analysis.

■ Next, Springfield claims that the trial court erred in dismissing its unjust enrichment and *quantum meruit* claims as alternative theories of liability. Springfield contends that the trial court erred in finding that a mechanic's lien was Springfield's exclusive remedy against Oakwood. Springfield maintains that the complaint sufficiently pled allegations supporting unjust enrichment and *quantum meruit* claims. Springfield claims that count III established that Oakwood would benefit from materials, services, and labor provided by

Springfield and would be unjustly enriched if Springfield was not compensated for labor, services and materials furnished at the property. In count IV, Springfield claims that Oakwood accepted and enjoyed the benefits of Springfield's labor and materials and that it would be unjust for Oakwood to retain the benefits for the work performed and material furnished at the property without compensating Springfield for such services and materials. Thus, Springfield claims that the second amended complaint adequately pled the elements of unjust enrichment and *quantum meruit*.

Oakwood and Southeast respond that a subcontractor's sole remedy against the owner of real estate is under the Act. Oakwood and Southeast claim that since Springfield was Southeast's subcontractor, Springfield has an adequate remedy at law because it possessed the right to sue Southeast for the breach of contract. Oakwood and Southeast claim that Springfield sought enforcement of its mechanic's lien as a subcontractor, and Oakwood was not a party to the transaction between Springfield and Southeast to provide plumbing work at the property. Thus, Oakwood and Southeast maintain that Springfield's equitable claims required dismissal.

We agree with Oakwood and Southeast that the trial court did not err in dismissing Springfield's unjust enrichment and *quantum meruit* claims. As a general rule, relief under an unjust enrichment theory is inapplicable "where the entire work is contracted for and placed under a general contractor who has the power to employ whom he chooses, because in such circumstances the owner has the right to presume that work is being done for and on behalf of the contractor." *Premier Electrical Construction Co. v. La Salle National Bank*, 132 Ill. App. 3d 485, 496, 477 N.E.2d 1249, 1258-59 (1985). Also, the rights afforded by the Act are purely statutory in nature and are not governed by the rules of equitable jurisprudence. *Wingler v. Niblack*, 58 Ill. App. 3d 287, 289, 374 N.E.2d 252, 253 (1978). Generally, a subcontractor's exclusive remedy against a property owner is provided for through the Act because "the subcontractor has no contractual relationship with the owner which would give rise to a legal recovery." *Swansea Concrete Products, Inc. v. Distler*, 126 Ill. App. 3d 927, 932, 467 N.E.2d 388, 392; *Hill Behan Lumber Co. v. Marchese*, 1 Ill. App. 3d 789, 792, 275 N.E.2d 451, 453 (1971). Here, the evidence fails to establish a relationship directly between Springfield as the subcontractor of the project and Oakwood as the property's owner. Rather, the record reveals an executed contract between Springfield and Southeast identifying Springfield as Southeast's subcontractor and Southeast as the general contractor to provide services at the property. As such, the trial court did not err in finding that Springfield's counts for the equitable relief

of unjust enrichment and *quantum meruit* failed to state a cause of action for which relief can be granted.

Accordingly, the judgment of the trial court is affirmed in part and reversed in part.

Affirmed in part and reversed in part; cause remanded.

O'BRIEN, P.J., and NEVILLE, J., concur.