Argued October 9, affirmed November 24, 1972

# CITIZENS VALLEY BANK, *Appellant, v.*
# PACIFIC MATERIALS CO. ET AL, *Respondents.*

503 P2d 491

*James H. Jordan,* Albany, argued the cause for appellant.

*Jack Joyce,* Corvallis, argued the cause for respondents.

DENECKE, J.

The controversy is a bank with a perfected security interest in a negotiable instrument versus an alleged holder in due course of the instrument.

The plaintiff bank financed D & P Construction Co. which assigned the bank its accounts receivable as security. The bank perfected its security interest in the accounts and their proceeds. After the bank's perfection of its security interest, D & P approached Rogers, who owed an account receivable, and induced him to pay D & P his account by giving D & P a promissory note for the amount owed. D & P negotiated this note to defendant Pacific Materials Co. Rogers subsequently paid the note. The money paid is identified and held by a stakeholder. All the dealings with Rogers by D & P were without the knowledge of the bank and the defendant had no actual knowledge of the bank's possible claim to the note.

The trial court held against the bank and it appeals.

The bank contends that the defendant is not a holder in due course because defendant had constructive notice of the bank's security interest in the note by reason of the bank's filing of its security documents. ORS 73.3040 (5), part of the chapter on Commercial Paper, provides: "The filing or recording of a document does not of itself constitute notice within the pro-

visions of ORS 73.1010 to 73.8050 to a person who would otherwise be a holder in due course." ORS 79.3090, part of the chapter on Secured Transactions, provides: "Filing under ORS 79.1010 to 79.5070 does not constitute notice of the security interest to such holders [including a holder in due course] or purchasers." We find the defendant did not have notice of the bank's security interest and is a holder in due course.

The bank is correct, however, that the note and the cash payment are proceeds of the bank's collateral in which the bank has a security interest. ORS 79.3060.

The bank stands on ORS 79.3060 (2), which provides:

> "*Except where ORS 79.1010 to 79.5070 otherwise provide,* a security interest continues in collateral notwithstanding sale, exchange or other disposition thereof by the debtor unless his action was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds including collections received by the debtor." (Emphasis added.)

The defendant counters that ORS 79.3090 does "otherwise provide" and we agree.

ORS 79.3090 states:

> "Nothing in ORS 79.1010 to 79.5070 limits the rights of a holder in due course of a negotiable instrument or a holder to whom a negotiable document of title has been duly negotiated as provided in ORS 77.5010, or a bona fide purchaser of a security as provided in ORS 78.3010 and such holders or purchasers take priority over an earlier security interest even though perfected. \* \* \*."

We have found no precedents from other jurisdictions or any statements by the writers precisely on

this issue. The wording of the statute, however, seems clear: "[S]uch holders or purchasers take priority over an earlier security interest even though perfected."

Affirmed.