FARMERS STATE BANK OF SOMONAUK, Plaintiff-Appellant, v. NATIONAL BANK OF EARLVILLE, Defendant-Appellee.

Third District   No. 3—91—0805

Opinion filed July 7, 1992.

Law Office of Daniel J. Kramer, of Yorkville (Daniel J. Kramer, of counsel), for appellant.

White, Marsh, Anderson, Brusatte, Vickers & Deobler, of Ottawa (Alan Marsh, of counsel), for appellee.

JUSTICE SLATER delivered the opinion of the court:

Plaintiff, Farmers State Bank of Somonauk, initiated an action against defendant, First State Bank of Earlville, for conversion of a certain check, alleging that it represented proceeds of collateral in which plaintiff had a perfected security interest. The trial court granted defendant's motion for summary judgment. Plaintiff appeals and we affirm.

In November 1986, plaintiff entered into two loan and security agreements with a local farmer, Harry Erickson, pursuant to which plaintiff lent Erickson $239,275.70. As collateral, plaintiff was assigned a blanket security interest which included the 1986 crops grown and stored on the Erickson farm. Plaintiff perfected its security interest by filing a financing statement with the recorder of deeds of La Salle County.

In January of 1987, Erickson sold a quantity of soybeans from his 1986 crop to Bakers Feed & Grain. Bakers issued a check payable to Erickson in the amount of $26,104.54. On January 20, 1987, Erickson negotiated that same check to defendant in partial payment of an unsecured promissory note which Erickson owed to defendant Bank. Negotiation of the check to defendant by Erickson was without the knowledge or consent of the plaintiff, and defendant had no knowledge of plaintiff's security interest. Plaintiff made a written demand on the defendant for the grain proceeds which was refused.

Plaintiff's amended complaint alleged that defendant unlawfully converted the check to its own use by failing to tender it to plaintiff on demand. Plaintiff alleged that it was entitled to possession of the check under section 9—306 of the Uniform Commercial Code (the Code) (Ill. Rev. Stat. 1989, ch. 26, par. 9—306) because the check constituted identifiable cash proceeds of collateral. Both parties moved for summary judgment. The trial judge granted summary judgment for defendant, finding that defendant was a holder in due course and therefore took the check free of plaintiff's security interest. This appeal followed.

This court reviews summary judgment orders *de novo*. (*Myers v. Health Specialists, S.C.* (1992), 225 Ill. App. 3d 68, 587 N.E.2d 494.) Summary judgment should be granted where the pleadings, depositions, and affidavits reveal that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. (*Vesey v. Chicago Housing Authority* (1991), 145 Ill. 2d 404, 583 N.E.2d 538.) Because the parties have stipulated that no genuine issue of material fact exists in this case, our review focuses on whether defendant is entitled to judgment as a matter of law.

■ A holder in due course is defined in section 3—302 of the Code as follows:

"A holder in due course is a holder who takes the instrument

(a) for value; and

(b) in good faith; and

(c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person." (Ill. Rev. Stat. 1989, ch. 26, par. 3—302(1).)

In the case at bar, defendant took the check in partial payment of an outstanding promissory note. Section 3—303 of the Code states that a holder takes an instrument for value "when he takes the instrument in payment of *** an antecedent claim against any person whether or not the claim is due." (Ill. Rev. Stat. 1989, ch. 26, par. 3—303(b).) There is no allegation that defendant did not act in good faith or that defendant had notice of plaintiff's security interest. Defendant was a holder in due course of the check in question. Section 3—305 of the Code states that a holder in due course takes the instrument free from "all claims to it on the part of any person." Ill. Rev. Stat. 1989, ch. 26, par. 3—305(1).

■ Plaintiff argues that even if defendant is a holder in due course, it is entitled to possession of the check under section 9—306 of the Code because the check constitutes proceeds of collateral in

which plaintiff has a properly perfected security interest. Section 9—306 provides in relevant part as follows:

"(1) 'Proceeds' includes whatever is received upon the sale, exchange, collection or other disposition of collateral or proceeds. *** Money, checks, deposit accounts, and the like are 'cash proceeds'. All other proceeds are 'non-cash proceeds'.

(2) Except where this Article otherwise provides, a security interest continues in collateral notwithstanding sale, exchange or other disposition thereof unless the disposition was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds including collections received by the debtor." (Ill. Rev. Stat. 1989, ch. 26, par. 9—306.)

Plaintiff contends that this provision in Article 9 takes priority over the holder in due course provisions of Article 3. We disagree. Section 9—306(2) states that a security interest continues in collateral notwithstanding sale, *"[e]xcept where this Article otherwise provides."* (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 26, par. 9—306(2).) Article 9 does in fact "otherwise provide" in section 9—309:

"Nothing in this Article limits the rights of a holder in due course of a negotiable instrument (Section 3—302) or a holder to whom a negotiable document of title has been duly negotiated (Section 7—501) or a bona fide purchaser of a security (Section 8—302) and *such holders or purchasers take priority over an earlier security interest even though perfected.* Filing under this Article does not constitute notice of the security interest to such holders or purchasers." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 26, par. 9—309.)

Section 9—309 establishes that defendant, as a holder in due course, takes priority over plaintiff's earlier perfected security interest. A leading commentator has explained how section 9—309 operates under the factual situation of this case:

"[A] *** problem is presented when a prior lender claims a proceeds (9—306) interest in negotiable instruments that arise on the sale of his collateral, and the debtor transfers the instrument to a holder in due course. By virtue of 9—309 and Article Three, the holder in due course will be victorious in such a case." J. White & R. Summers, Uniform Commercial Code §25—18 (2d ed. 1980).

Our research reveals no Illinois case where this precise issue has been addressed. However, in the recent case of *Allstate Financial Corp. v. Financorp, Inc.* (4th Cir. 1991), 934 F.2d 55, the United

States Court of Appeals addressed the issue under a factual situation almost identical to the instant case. In *Allstate,* the plaintiff had a security interest in the accounts receivable of a certain debtor. The debtor negotiated two checks that were proceeds of the accounts receivable to the defendant, who held a junior security interest in the same accounts. Plaintiff filed an action against the defendant for conversion, and both parties moved for summary judgment. The court of appeals affirmed the order of the district court granting defendant summary judgment. After determining that defendant was a holder in due course of the checks, the court found that defendant took the instruments free of plaintiff's prior security interest by virtue of section 9—309 of the Code. The court specifically rejected the argument asserted by the plaintiff.

> "Allstate [plaintiff] claims that Article 3 is subject to Article 9, and that the priority scheme of Article 9 controls and gives Allstate priority as a prior secured party. The district court found that the controlling provision of the U.C.C. in this case was §9—309. We agree with the district court. Section 9—309 sets out the relative priority between Article 9 and Article 3 concerning the rights of a holder in due course and a secured party." (*Allstate Financial Corp.,* 934 F.2d at 59-60.)

The court of appeals held the deciding factor to be whether the defendant meets the definition of holder in due course. "If so, he gets priority over prior secured parties; if not, he loses. *** Under the plain language of §9—309, Financorp [defendant] had priority over the checks at issue in this case because of its status of holder in due course." *Allstate Financial Corp.,* 934 F.2d at 61; see also *Citizens Valley Bank v. Pacific Materials Co.* (1972), 263 Or. 557, 503 P.2d 491 (argument that Article 9 takes priority over Article 3 rejected); *Dallas Bank & Trust Co. v. Frigiking, Inc.* (Tex. App. 1985), 692 S.W.2d 163.

Plaintiff's reliance on *Bank of the West v. Commercial Credit Financial Services, Inc.* (N.D. Cal. 1987), 655 F. Supp. 807, is misplaced. In that case the plaintiff initiated an action for conversion of certain accounts receivable of a debtor which were subject to plaintiff's security interest. Defendant, a junior secured creditor of the same accounts, argued that it was a holder in due course of certain checks negotiated to it by account debtors. The court rejected defendant's argument and in doing so noted that plaintiff's conversion claim was not based on an interest in the checks negotiated to defendant. Rather, the claim was to the value of the accounts which the defendant had converted by accepting the checks as payment. Because the

claim was not based on an interest in the checks, the court held that the holder in due course rule did not apply. (*Bank of the West*, 655 F. Supp. at 820.) In the instant case, plaintiff's conversion claim *is* based on an interest in the check negotiated to defendant by Erickson.

Finally, plaintiff contends that defendant's claim to the check is defeated by section 9—308 of the Code, which provides:

> "A purchaser of chattel paper or an instrument who gives new value and takes possession of it in the ordinary course of his business has priority over a security interest in the chattel paper or instrument
>
> (a) which is perfected under Section 9—304 (permissive filing and temporary perfection) or under Section 9—306 (perfection as to proceeds) if he acts without knowledge that the specific paper or instrument is subject to a security interest; or
>
> (b) which is claimed merely as proceeds of inventory subject to a security interest (Section 9—306) even though he knows that the specific paper or instrument is subject to the security interest." (Ill. Rev. Stat. 1989, ch. 26, par. 9—308.)

Plaintiff argues that while a purchaser need only take an instrument "for value" in order to attain holder in due course status, a purchaser must give "new value" in order to take an instrument free of a prior perfected security interest under section 9—308. Because defendant took the check in partial payment of an antecedent debt, the plaintiff argues that defendant did not give new value for the instrument.

■■ We need not address whether payment of an antecedent debt constitutes "new value" under section 9—308 because section 9—308 is inapplicable in this case. That section specifically refers to *purchasers* of an instrument, not to holders in due course. The official Uniform Commercial Code Comment makes it clear that this section is meant to expand the protection of purchasers of instruments which are subject to security interests beyond the protection afforded to holders in due course under section 9—309. The comment states that "a purchaser of a negotiable instrument might prevail under clause (b) even though his knowledge of the conflicting proceeds claim precluded his having holder in due course status under Section 9—309." (Ill. Ann. Stat., ch. 26, par. 9—308, Uniform Commercial Code Comment, at 205 (Smith-Hurd 1974).) This section is applicable only to those purchasers of negotiable instruments who fail to meet the requirements of a holder in due course.

In summary, defendant is a holder in due course and holds the check in question free of plaintiff's perfected security interest by

virtue of section 9—309 of the Code. The order of the circuit court granting summary judgment in favor of defendant is affirmed.

Affirmed.

BARRY, P.J., and HAASE, J., concur.